KLIEBERT, Judge.
Daul Insurance Agency, Inc. (Daul) brought an action against the Parish of Jefferson and its commission council to compel the Parish to designate the Parish’s “agent of record” for the acquisition of *119 insurance policies by public bidding and/or to purchase insurance contracts by public bids rather than through the designated agent of record. The Parish filed an exception of no cause of action which was maintained by the trial judge. Daul brought this devolutive appeal. The issue presented is whether the Parish is required to follow the public bid law R.S. 38:2211, et seq., in purchasing insurance. The trial judge decided it was not. We agree and, hence, affirm.
From 1960 thru December 1981, Mr. Michael D. Daul, then doing business as Daul Insurance Agency, was the “agent of record” for the Parish. On December 11,1981, the Parish entered into a contract with Gerard Schexnayder, doing business as Quaid Insurance Agency, to continue in effect the insurance program for the Parish. Under the contract, his function was to acquire from reputable insurance companies, doing business in Louisiana, insurance contracts needed to cover various insurance policies, at premium rates set by the State Insurance Commission. Daul then filed this action to compel compliance with the public bid law. Schexnayder intervened in the action and also filed an exception of no cause of action. The Parish adopted the intervenor’s exception. The judgment upholding these exceptions by the trial judge was the one appealed from by Daul.
In the trial court, Daul argued R.S. 38:2212 of the Public Bid Law required public bidding for the contract appointing the “agent of record”. The trial judge’s reasons for judgment properly rejected the argument based on the previous judicial interpretation of the meaning of “public works” used in R.S. 38:2212, as pronounced in Wallace Stevens, Inc. v. Lafourche Parish Hospital District No. 3, 323 So.2d 794 (La.1975) and Lafourche Parish Water District No. 1 v. Carl Heck Engineers, Inc., 346 So.2d 769 (La.App. 1st Cir.1977), writ refused 349 So.2d 873 (La.1977).
As an alternative argument in the trial court, Daul contended public bidding was required under the provisions of R.S. 39:1540 enacted by the 1980 state legislature which provided in pertinent part as follows:
“Every contract entered into by the state for the purchase of insurance or for obtaining services relating to operation of the insurance program shall be awarded by either competitive sealed bidding or competitive negotiation...”
The trial judge, however, properly concluded that R.S. 39:1540 did not apply to the Parish. His conclusion was grounded in the following definition of state agencies contained in R.S. 39:1527:
“ ‘State agencies’ means the executive branch, the legislative branch, and the judicial branch of the state government and the officers and employees thereof, but does not include the parish officials set forth in Article VI, Sections 5(G) and 7(B), of the constitution or their respective officers, deputies, employees, or appointees.”
and the fact that the Parish of Jefferson has a home rule charter as required by Article VI, Section 5(G) and 7(B) of the State Constitution.
Here, Daul concedes LSA R.S. 39:1540 applies to state agencies and not to a political subdivision such as the Parish of Jefferson, but contends the statute creates a public policy which should be followed by all political entities. Although Daul’s argument is premised in seeking what Daul’s counsel believes is best for all citizens, we see no reason to accept his argument and thus expand the scope of the statute beyond what was intended by the legislature.
Daul cites the case of Council of City of New Orleans v. Morial, 390 So.2d 1361 (La.App. 4th Cir.1980) for the proposition that public bidding should be required in this instance. The Morial case is distinguishable on its facts. The court there was faced with interpreting provisions of the Home Rule Charter of the City of New Orleans. There has been no allegation or presentation of evidence that would reflect the Parish of Jefferson having the same such provision. We, therefore, agree with the trial *120 judge and affirm; all costs to be borne by the plaintiff-appellant.
AFFIRMED.