KLIEBERT, Judge.
We originally considered this case and handed down an opinion appearing at 434 So.2d 118. On writs the case was remanded to us by the Supreme Court. The remand order appears at 435 So.2d 443.
In this suit, Daul sought to compel the Parish of Jefferson to designate the Parish’s “agent of record” for the acquisition of insurance policies by public bidding and/or to purchase insurance contracts by public bids rather than through a designated “agent of record”. The trial judge dismissed Daul’s suit by sustaining an exception of no cause of action filed by the Parish Council.
On appeal to this court, we affirmed the trial court’s ruling, holding that La.R.S. 38:2212[1] of the Public Bid Law did not require public bidding for the contract appointing the “agent of record” since the *1206 contract to provide insurance coverage is not a “public work” nor a “purchase of materials or supplies” as contemplated by the statute. See Wallace Stevens, Inc. v. Lafourche Parish Hospital District No. 3, 323 So.2d 794 (La.1975) and Lafourche Parish Water District No. 1 v. Carl Heck Engineers, Inc., 346 So.2d 769 (La.App. 1st Cir. 1977), writ refused 349 So.2d 873 (La.1977). Further, Daul had conceded on appeal and we found that La.R.S. 39:1540[2], which requires bidding on insurance contracts, applied only to the State of Louisiana and its agencies and not to the Parish of Jefferson.
On the original hearing, Daul urged the case of The Council of City of New Orleans v. Morial, 390 So.2d 1361 (4th Cir.1980) in support of his contention that the Jefferson Parish Home Rule Charter required public bidding. On application for writs filed by Daul, the Supreme Court remanded the case for this court to reconsider the issues in the light of Section 4.02(G) of the Home Rule Charter of Jefferson, which reads as follows:
“G. Contracts for public improvements and purchases of supplies, materials, and services other than professional for the parish or for any of its departments, offices, agencies, or special districts shall be made on the basis of specifications and competitive bids. Formal sealed bids shall be secured for all such parish purchases when the transaction involves the expenditure of $2,000 or more. The transaction shall be evidenced by written contract submitted to and approved by the Council. The Council shall have the right to reject any and all bids. The Council may authorize any parish department through its own employees and facilities or any other governmental agency to make any public improvements or to perform other parish work without competitive bidding provided that any purchases made by the parish in connection therewith shall be by competitive bidding. Purchasing and contract procedure not prescribed by this Charter shall be established by ordinance.” (Emphasis Supplied).
On the original hearing we said the Morial case was distinguishable on the facts; but erroneously added that the Parish of Jefferson did not have in its Home Rule Charter a provision similar to that contained in the Orleans charter. The above quoted provision is similar to the provision contained in the Orleans charter, but the difference in the services covered by the contracts leads us to a different result.
In the Morial case, supra, the court found the services under the particular contract involved there were not excluded from the public bidding under the professional services exclusion of the public bidding require *1207 ment of the Orleans charter. The City’s contract there involved only services connected with the administration of the City’s self-insured health care program. The services to be performed were specifically itemized in the contract and are itemized in the opinion. As to those services the court found that “the vast bulk of the services are basically clerical” and hence not excluded from public bidding as professional services.
Here, the contract is for an “agent of record” to continue in effect an insurance program previously established by the Parish, which includes workmen’s compensation, public general liability, automobile fleet liability, automobile physical damage,boiler and machinery, bonds, burglary, plate glass, inland marine and others. The operation of the Parish is similar to a multi-mil-lion dollar business operation. The planning and maintenance of an insurance program requires the use of highly technical, creative or unique individual skills possessed by one who has a high order of intelligence, skill and learnings.
As we view the responsibilities and services involved here, it is professional services as opposed to clerical or administrative services and, therefore, excluded from the bidding requirements of Section 4.02(G).
As provided by the last sentence in the Section 4.02(G) “purchasing and contract procedure not prescribed by this Charter shall be established by ‘Ordinance’ ”. The Parish Council did exactly that by adopting Ordinance No. 4732, which provides the procedure for entering into insurance contracts and is found in Section 2-10-2 of the Jefferson Parish Code and reads as follows:
“The Parish Council shall appoint a committee of insurance agents living in the Parish of Jefferson or the Parish of Orleans, consisting of not more than five (5) members to act in an advisory capacity. The Council after study of the entire insurance problems of Jefferson Parish shall authorize the Chairman of the Jefferson Parish Council to enter into a contract with an agent and/or agencies to effectuate the insurance program approved by the Jefferson Parish Council. (Ord. No. 4732, §§ 1, 2, 9-15-60).”
For the reasons stated, therefore, we again affirm the judgment of the trial court. All costs of the appeal to be borne by the plaintiff-appellee.
AFFIRMED.

. LSA-R.S. 38:2212 A. (1) provides as follows:
“All public work exceeding the contract limit as defined herein, including labor, and materials, and all purchases of materials or supplies exceeding the sum of five thousand dollars to be paid out of public funds, to be done *1206 by a public entity shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised, and no such public work shall be done and no such purchase shall be made except as provided in this Part. All such bids shall be either hand delivered by the bidder or his agent in which instance the deliverer shall be handed a written receipt, or such bid shall be sent by registered or certified mail with a return receipt requested. However, the requirement that all bids be sent by registered or certified mail shall not apply to bids received by municipal and parochial governing authorities.”

. LSA-R.S. 39:1540 provides as follows:
“Every contract entered into by the state for the purchase of insurance or for obtaining services relating to the operation of the insurance program shall be awarded by either competitive sealed bidding or competitive negotiation. Competitive negotiation shall be initiated by the issuance of a request for proposals containing a description of the coverage required and the factors to be used in evaluating the proposals. Where there is more than one offeror, written or oral discussions shall be conducted with at least the three, or two if there are only two, highest qualified offerors who submit proposals determined in writing to be reasonably susceptible of being selected for award. The contract shall be awarded with reasonable promptness by written notice to the responsible offeror whose proposal meets the requirements and criteria set forth in the request for proposals and whose proposal is most beneficial to the state, considering the price and the evaluation factors set forth in the request for proposal. Public notice of the request for proposals shall be provided in the same manner as established in Part V of Chapter 1 of Title 391 of the Louisiana Revised Statutes.”