DUFRESNE, Judge.
This is an appeal by Daul Insurance Agency, Inc., plaintiff-appellant, from a judgment dismissing its petition to have a Jefferson Parish contract with Gerard Schexnayder for insurances services set aside on the grounds that it was improperly let without public bids. Because we find that the services at issue here constitute professional services and are thus exempt from the bidding requirements of the Jefferson Parish Home Rule Charter, Sec. 4.02(G), we affirm.
FACTS
This suit was commenced on December 23, 1981, as a mandamus action by Daul to compel the Jefferson Parish Council to let for public bid a contract for insurance services for the parish. That suit was dismissed by the trial court on the exception of no cause of action. This court affirmed that judgment, Daul Insurance Agency Inc. v. Parish of Jefferson, 434 So.2d 118 (La.App. 5th Cir.1983), but the Louisiana Supreme Court remanded it to us to further consider the matter in light of Sec. 4.02(G) of the Jefferson Parish Home Rule Charter, 435 So.2d 443 (La.1988). This court again affirmed the action of the trial court on the grounds that the insurance services at issue were professional in nature and therefore excluded from the public bid requirements of Sec. 4.02(G), 437 So.2d 1205 (La.App. 5th Cir.1983). The Su *366 preme Court again reversed, noting that evidence as to the nature of these services was improperly admitted at trial of the exception because La.Code Civ.Pro. art. 931, precludes the introduction of any evidence on the exception of no cause of action. The case was remanded to the district court for further proceedings, 441 So.2d 1215 (La.1983).
We note at this point that on December 11, 1981, before Daul commenced this action, the parish had entered into a contract without public bid with Gerard Schexnay-der, d/b/a Quaid Insurance Agency, for insurance services. On August 24, 1983, the Parish Council adopted Ordinance No. 15,702, which defined the services of an insurance agent as professional. On August 30, 1983, the 1981 contract was replaced by a new contract between the parish and Schexnayder. It appears that this ordinance was enacted after the case had been submitted to the Supreme Court the second time, but before the November 28, 1983, judgment was rendered. It is also apparent from that judgment that the ordinance was not considered.
On remand, Daul amended its petition by seeking to have the August 30, 1983, contract set aside, and also challenged the validity of Ordinance No. 15,702, on the grounds that it was an improper amendment to the home rule charter.
After a preliminary hearing, the trial court ruled that the ordinance was valid. Because of this ruling it determined that the sole issue at trial was whether or not Schexnayder was an insurance agent, and thus only permitted introduction of evidence going to this fact. It did, however, permit Daul to proffer substantial expert testimony on the question of whether the services of insurance agents can reasonably be classified as professional services. It also allowed Schexnayder to proffer evidence of the specific services he renders to the parish.
Having found Schexnayder to be a licensed insurance agent, it dismissed Daul’s suit. It also noted that even were it to be determined that the ordinance was invalid it would reach the same result because the proffered evidence showed that the services rendered by Schexnayder’s office were professional services. This appeal followed.
Section 4.02(G) of the Jefferson Parish Home Rule Charter provides in pertinent part:
Contracts for public improvements and purchases of supplies, materials, and services other than professional for the parish or for any of its departments, offices, agencies, or special districts shall be made on the basis of specifications and competitive bids....
Ordinance No. 15,702, now appearing in Code of Ordinances, Sec. 1-2, Definitions and Rules of Construction generally, reads:
Professional service means work rendered by an independent contractor who has a professed knowledge of some department of learning or science used by its practical application to the affairs of others or in the practice of an art founded on it, including but not limited to lawyers, doctors, dentists, veterinarians, architects, engineers, landscape architects, accountants, insurance agents, and publishers. A profession is a vocation founded upon prolonged and specialized intellectual training which enables a particular service to be rendered. The word “professional” implies professed attainments in special knowledge as distinguished from mere skill.
Also appearing in Sec. 1-2 of the ordinance is the following:
Nontechnical and technical words. Words and phrases shall be construed according to the common and approved usage of the language; but technical words and phrases and such others as may have acquired a peculiar and appropriate meaning in law shall be construed and understood according to such meaning.
Section 6.07 of the charter provides that amendments to the charter itself may only be made by popular vote.
Finally, La. R.S. 39:1484(17) states:
*367 “Professional service” means work rendered by an independent contractor who has a professed knowledge of some department of learning or science used by its practical application to the affairs of others or in the practice of an art founded on it, which independent contractor shall include but not be limited to lawyers, doctors, dentists, veterinarians, architects, engineers, landscape architects, and accountants. A profession is a vocation founded upon prolonged and specialized intellectual training which enables a particular service to be rendered. The word “professional” implies professed attainments in special knowledge as distinguished from mere skill.
Daul urges here that the inclusion of “insurance agents” in the ordinance enlarges the term “professional services” as used in Sec. 4.02(G), and therefore works an imper-missable amendment to the charter. This argument inverts the question. Before it can be concluded that the charter provision has been enlarged, it must first be determined whether or not the services of the agent in question are professional services.
Prior to the enactment of the ordinance, this court was called upon to determine whether the services provided by Schexnayder were professional in nature, and therefore exempt by Sec. 4.02(G), from public bidding, Daul Insurance Agency v. Parish of Jefferson, 437 So.2d 1205 (La. App. 5th Cir.1983). Our conclusion there that the services were professional was later overuled on the grounds that the evidence we considered to reach that conclusion was not properly before us. However, our analysis of that inadmissable evidence was not rejected, and we reapply that analysis to the facts now properly before us.
In Transportation Displays Inc. v. City of New Orleans, 346 So.2d 359 (La.App. 4th Cir.1977), the court interpreted professional services to be those performed by “a person in a profession which required years of education and service for one to attain competence and which calls for a high order of intelligence, skill and learning (at 363, footnote 5). That definition was again referred to in Council of City of New Orleans v. Morial, 390 So.2d 1361 (La.App. 4th Cir.1980), where the court also considered expert testimony and analogous law, particularly La. R.S. 39:1484(17) supra, which is the State Procurement Law definition of professional services, in determining whether the services at issue there were professional.
In the present case, the contract with Schexnayder is for an agent of record to continue in effect a comprehensive insurance program for the entire insurance needs of the parish, including workmen’s compensation, liability, bond, all physical property, insurance, as well as coverages for East and West Jefferson Hospitals. The testimony proffered by Schexnayder established that his services include identifying risks, recommending ways to reduce risks, designing a tailormade comprehensive insurance program, and performing analyses to minimize costs while maximizing protection. The coverage involved in the program exceeds 200 million dollars.
There is no question in this court’s mind that these services require the use of highly technical, creative and unique skills and learning by one with extensive experience and training in the field of insurance planning and analysis. Unlike the case of Mor-ial, supra, these services go far beyond simple clerical duties which formed the vast bulk of the services to be performed under the contract at issue there. We also note that Mr. Hargis Walker, an insurance expert proferred by Daul, testified unequi-vocably that if Schexnayder performed those services indicated above, that he would indeed be performing professional services.
We therefore conclude, as did the trial court, that the award of the contract without bid was not in violation of the Jefferson Parish Home Rule Charter, Sec. 4.02(G), and that Daul’s suit to set aside this contract was properly dismissed.
This brings us again to the validity of the ordinance. It is apparent that the Parish Council was providing by legislation *368 a catagory of professional services, i.e. those of insurance agents, which because of this court’s two prior rulings in this case appeared to it to be a technical term which had acquired a peculiar and appropriate meaning in law”, Code of Ordinances, Sec. 1-2.
Because our ruling today is that an insurance agent who performs those services at issue here does indeed perform professional services, the term “insurance agent” in the ordinance does not constitute an enlargement of the charter in so far as it is understood in the context of this opinion.
Considering the entire record, we find that the trial court was correct in dismissing plaintiffs petition. Accordingly, we affirm the decision of the trial court.
AFFIRMED.