181 So. 810

## CARDINO v. SCROGGINS.

### No. 34833.

May 2, 1938.

Rehearing Denied May 30, 1938.

Arthur C. Watson, of Natchitoches, for relator.

John G. Gibbs, of Natchitoches, for respondent.

ROGERS, Justice.

Vincent Cardino brought suit against Matthew Scroggins in the Tenth Judicial District Court, Parish of Natchitoches, to recover three bales (1500 pounds) of cotton alleged to be due as rent for the year 1936 on a thirty-three acre farm rented by Cardino to Scroggins. Defendant answered the suit, and also reconvened, asking for judgment in the sum of $120 as the value of certain cotton certificates which he had placed on the cotton delivered to plaintiff during the years 1934 and 1935. These certificates were issued pursuant to the provisions of the Act of Congress passed on April 21, 1934, and generally known as the "Bankhead Act," 48 Stat. 598, 7 U.S. C.A. §§ 701–725.

The case was tried on an agreed statement of facts and resulted in a judgment in favor of plaintiff on the main demand and of non-suit on defendant's reconventional demand.

Cardino took an appeal from the judgment so far as it failed to reject the reconventional demand of Scroggins. Alleging that he had abandoned his reconventional demand under the judgment of non-suit, Scroggins filed a motion to dismiss Cardino's appeal. The appeal was heard in the Court of Appeal for the Second Circuit on March 8, 1938, but apparently the case has not yet been decided, either on the merits or on the motion to dismiss.

Pending the appeal, Scroggins sued Cardino in the Tenth Judicial District Court, Parish of Natchitoches, to recover the sum of $100, having reduced his original claim of $120 to that amount, on the same cause of action which he had set up in his reconventional demand in the suit of Cardino against him. In this suit, Cardino filed a plea of lis pendens, which was overruled by the judge of the district court, and Cardino then applied to this court for writs of certiorari and prohibition. Relator's application was refused, on the ground that under Article 7, Sections 29 and 35, of the Constitution of 1921, relator had an adequate remedy by appeal from the final judgment. See Scroggins v. Cardino, No. 34,692 of the docket of this court.[1]

After this court had denied his application for remedial writs for the reason stated, Cardino filed a plea of prescription, an exception of no right or cause of action, an answer and a reconventional demand in the district court.

When the case was called for trial, the attorney for Scroggins moved to remit fifty cents of plaintiff's original claim, thus reducing the amount sued for from $100 to $99.50. The attorney for Cardino, objected to the entering of this remittitur, on the ground that it was an obvious attempt to deprive him of his constitutional right of appeal. The objection was overruled and the remittitur allowed by the trial judge. Cardino's plea of prescription and his exception of no right or cause of action were also overruled, and the case ordered to trial on its merits. The trial resulted in a judgment in favor of Scroggins for $99.50 on the main demand and of dismissal of Cardino's reconventional demand. Cardino filed a motion for a new trial, which was denied. He then applied to this court for writs of certiorari and prohibition. Certiorari issued and the matter is now before us for review.

It is obvious that Scroggins by remitting fifty cents of his original claim of $100. has deprived Cardino of his right to appeal from the judgment on the merits, which this court had previously ruled was his remedy to have reviewed his complaint that the trial judge had erroneously overruled the plea of lis pendens. The rulings of this court cannot be defeated in any such fashion.

Since subsequent to the ruling of this court, plaintiff by reducing his claim below an appealable amount has taken away defendant's right of appeal from the judgment on the merits, the only remedy open to de-

fendant to obtain a review of the adverse ruling on his plea of lis pendens is an appeal to the supervisory powers of this court. The exceptional features of this case fully justify the exercise of those powers.

■ Scroggins had the right to discontinue his reconventional demand in the suit that Cardino brought against him. But he did not choose to do so. On the contrary, he permitted his demand to go to judgment, which was one of non-suit. Cardino, contending that the trial judge should have rejected and not merely non-suited the reconventional demand, appealed from the judgment. He was clearly entitled to do so. The judgment disposed of the case and is such a judgment as can be appealed from. This is not a new question. Chedoteau's Heirs v. Dominguez, 7 Mart., O.S., 490; State ex rel. Ikerd v. Judge, 35 La.Ann. 212; Davis v. Young, 35 La.Ann. 739; Vicksburg, S. & P. R. R. Co. v. Scott, 47 A. 706, 17 So. 249.

■ It is not disputed that this suit involves the same parties, the same cause of action and the same court as were involved in the prior suit. As we have pointed out, the reconventional demand in the first suit never was discontinued. It was dismissed as in case of non-suit by judgment of the district court.

Feeling aggrieved by that judgment, the plaintiff in the suit and the defendant in reconvention applied for and was granted an order of appeal to the Court of Appeal for the Second Circuit. The present suit was filed pending the appeal, which never has been disposed of.

Under the provisions of Article 94 of the Code of Practice, as amended by Act No. 62 of 1918, the same cause of action cannot be brought by the same parties before the same court, except by discontinuing the first suit before the answer is filed. And an answer in writing is not necessary to raise an issue on a reconventional demand.

The codal article also provides that in such cases, the defendant shall be entitled to have the second suit dismissed and to recover costs.

Our conclusion is that the plea of lis pendens is well founded and must prevail.

For the reasons assigned, the judgment on the merits herein is annulled, the plea of lis pendens is sustained, and plaintiff's suit is dismissed at his costs.

O'NIELL, C. J., concurs in the decree on the ground that the Court of Appeal had not disposed of the first suit when the second suit was filed, but he is of the opinion that the decisions cited do not sustain the proposition that the plaintiff had a right to appeal from the judgment dismissing the defendant's reconventional demand as of nonsuit.