336 So.2d 965 (1976)
Idabelle Cloutman, wife of Charles Darwin SLATER
v.
Charles Darwin SLATER.
No. 7815.
Court of Appeal of Louisiana, Fourth Circuit.
July 29, 1976.
Dart & Dart, Henry P. Dart, III, New Orleans, for plaintiff-appellant.
Provensal & Fitzmaurice, Edmond H. Fitzmaurice, Jr., New Orleans, for defendant-appellee.
Before SAMUEL, LEMMON and BEER, JJ.
LEMMON, Judge.
This is a suspensive appeal from a judgment maintaining an exception of lis pendens *966 and dismissing Mrs. Charles Slater's Jefferson Parish suit for divorce, on the basis that, at the time of the trial of the exception, the judgment dismissing her husband's earlier suit in Plaquemines Parish (for lack of jurisdictional venue) had not yet become definitive.
The following events and dates are pertinent:
June 19, 1975 Mr. Slater filed a suit for separation in Plaquemines Parish. A supplemental petition for divorce was filed in July.
September 18, 1975 Mrs. Slater filed the present suit for divorce in Jefferson Parish.[1]
February 10, 1976 Mr. Slater's Plaquemines Parish suit was dismissed by this court for lack of venue, based on our finding that Mr. Slater was not domiciled in Plaquemines Parish. See 327 So.2d 616.
February 18, 1976 The district court in Jefferson Parish dismissed the present suit on an exception of lis pendens. (This judgment of dismissal is the subject of this appeal.)
May 4, 1976 The Supreme Court denied the application for certiorari in Mr. Slater's Plaquemines Parish suit.

I
When two or more suits are pending in Louisiana courts on the same cause of action, between the same parties, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto. C.C.P. art. 531. The exception of lis pendens thus has the same requirements of identities as the exception of res judicata. See C.C. art. 2286. Both exceptions serve to promote efficient judicial administration and to prevent harassment or undue oppression. The exception of lis pendens, however, is applicable before judgment on the merits is rendered in any of the pending suits, while the exception of res judicata is applicable after judgment has been rendered in one of the suits.
The relatively simple concept of lis pendens becomes complex when an attack is leveled in the first suit at the court's jurisdiction over the subject matter. The applicability of lis pendens necessarily depends upon the valid jurisdiction of the court in the first suit (just as the applicability of res judicata depends upon the valid jurisdiction of the court which rendered the judgment). Sims v. Sims, 247 So.2d 602 (La.App.3rd Cir. 1971).
At the time the trial court in the present case considered the exception of lis pendens, our judgment declaring the Plaquemines Parish court's lack of jurisdiction had not become definitive and acquired the authority of the thing adjudged under C.C. art. 3556(31) and C.C.P. art. 1842.[2] Perhaps the trial court could have overruled the exception, taking cognizance that the first suit was a nullity unless and until our decision was changed by the Supreme Court, reserving to defendant the right to file another lis pendens exception if the Supreme Court changed our decision. Or perhaps the trial court could have continued the hearing on the exception until our decision in the Plaquemines Parish suit became definitive, notwithstanding Robertson v. Aetna Cas. & Surety Co., 232 So.2d 829 (La.App.4th Cir. 1970).[3]
We find it unnecessary, however, to decide on the propriety of the trial court's *967 dismissal under the circumstances existing at that time, because Mrs. Slater suspended the effect of that dismissal by perfecting a suspensive appeal.[4] C.C.P. art. 2123. Thereafter, while her suspensive appeal was pending, our decision in the Plaquemines Parish suit became definitive, effectively rendering Mr. Slater's suit void from its inception. C.C.P. art. 3941.
Under the circumstances of this case, where a suspensive appeal has been taken from the judgment maintaining an exception of lis pendens, and where the suit forming the basis for the exception is subsequently determined to be void from its inception, we hold that the appellate court must take cognizance of the situation existing at the time of consideration of the merits of the appeal. Justice in this court would indeed be blind if we allowed to stand this judgment dismissing the suit on an exception of lis pendens, when the highest court in this state has ruled in effect that the suit forming the basis for the exception was void from its inception. We conclude that the exception of lis pendens must now be overruled, whether or not the trial court judgment maintaining that exception was correct when rendered.

II
Mrs. Slater also complains that the trial judge, prior to ruling on the exception of lis pendens, rescinded his earlier order which had enjoined Mr. Slater from disposing of or encumbering any community property. However, since counsel have informed us that an injunction has been issued in another divorce suit filed recently by Mrs. Slater in Orleans Parish, we decline to consider the propriety of the trial judge's rescission of the injunction order in this suit.[5] Of course, when this suit is remanded for further proceedings, the issue of injunctive relief can immediately be re-presented to the trial judge.
For these reasons, the judgment of the trial court is set aside, and it is now ordered that the exception of lis pendens be overruled and the case remanded to the trial court for further proceedings. Costs will be assessed upon final disposition of the matter.
NOTES
[1] An earlier suit by Mrs. Slater, filed on June 25, 1975 in Jefferson Parish, had been dismissed on an exception of lis pendens on September 15, 1975, and no appeal was taken. The present suit was filed three days later, but service was withheld until February 12, 1976.
[2] In Cardino v. Scroggins, 190 La. 53, 181 So. 810 (1938) the Supreme Court held that a second suit between the same parties on the same cause of action was susceptible to an exception of lis pendens while an appeal in the first suit was pending. In that case, however, there had been no attack on the jurisdiction of the court in the first suit.
[3] The Robertson case held that a district court cannot merely stay proceedings in the second suit, but must dismiss that suit under C.C.P. art. 531.
[4] We are informed that Mr. Slater filed another suit in Plaquemines Parish on the afternoon that the exception of lis pendens was maintained in this suit, asserting that he has now established a domicile in Plaquemines Parish. Therefore, Mrs. Slater could not simply refile a suit in Jefferson Parish when the Supreme Court denied certiorari in Mr. Slater's first Plaquemines Parish suit, but was faced with another litigation of her husband's assertion of domicile.
[5] The basic dispute is that Mrs. Slater demands an absolute probhibition against disposition or encumbrance, while Mr. Slater contends he needs financial flexibility to operate his vast business enterprises, but does not object to being enjoined from disposing of or encumbering property to the detriment of the community.