447 So.2d 1208 (1984)
DAUL INSURANCE AGENCY, INC. and Michael B. Daul, Jr.
v.
PARISH OF JEFFERSON, Gerard Schexnayder, d/b/a Quaid Insurance Agency and Insurance Advisory Committee of the Parish of Jefferson.
No. 83-CA-628.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1984.
*1209 Nathan Greenberg, Greenberg & Dallam, Gretna, for plaintiffs-appellants.
Peter J. Butler, Butler & Heebe, New Orleans, for defendants-appellees.
Before KLIEBERT, CURRAULT and GAUDIN, JJ.
CURRAULT, Judge.
This appeal arises from a judgment maintaining an exception of lis pendens filed by defendants, The Parish of Jefferson, Gerard Schexnayder, d/b/a Quaid Insurance Agency and Insurance Advisory Committee of the Parish of Jefferson, in response to an action for declaratory judgment filed by plaintiffs, Daul Insurance Agency, Inc. and Michael B. Daul, Jr.
The pending suit at issue, an action for mandamus, was filed in the Twenty-Fourth Judicial District Court for the Parish of Jefferson on December 23, 1981. That suit entitled "Daul Insurance Agency, Inc. v. Parish of Jefferson, Robert B. Evans, Jr., Lloyd F. Giardina, James E. Lawson, Thomas E. Ward, Kenneth Hollis, Willie Hof and Aaron Broussard," was assigned No. 261-727 on the docket of that court. Subsequently, Gerard E. Schexnayder, d/b/a Quaid Insurance Agency, filed a petition for intervention and united with defendants in resisting the demands of Daul Insurance Agency, Inc.
In that action, plaintiff sought a writ of mandamus directing the Parish of Jefferson and its councilmen to prepare specifications and solicit public bids for the furnishing of the Parish's insurance needs. On January 7, 1982, the court rendered a judgment sustaining an exception of no cause of action filed by the intervenor, Mr. Schexnayder, and adopted by the defendant, Parish of Jefferson, and dismissed Daul's claim. Plaintiff appealed from the judgment in Action No. 5-323 before the Louisiana Court of Appeal for the Fifth Circuit. On January 19, 1983, the Fifth Circuit Court affirmed the decision of the trial court, 434 So.2d 118. The plaintiff then filed a writ of certiorari to the Louisiana Supreme Court; and the Supreme Court granted the writ and remanded the case to the Fifth Circuit Court to reconsider its decision in light of the Jefferson Parish Code of Ordinances, 435 So.2d 443. On reconsideration, the Fifth Circuit Court again affirmed the dismissal of the mandamus for no cause of action in a decision rendered on September 13, 1983, 437 So.2d 1205. On or about September 16, 1983, the plaintiff again applied for a writ of certiorari or review to the Louisiana Supreme Court which was granted. On November 28, 1983, the Supreme Court reversed the decisions of the appellate and trial courts *1210 and remanded the case for trial. [441 So.2d 1215].
In the meantime, on December 10, 1982, Daul Insurance Agency, Inc. and Michael B. Daul, Jr. filed a petition for declaratory judgment against the Parish of Jefferson, Gerard Schexnayder, d/b/a Quaid Insurance Agency, and the Insurance Advisory Committee of Jefferson Parish. The suit was assigned No. 275-323 on the docket. Thereafter, defendant Schexnayder filed an exception of lis pendens on the basis that the previous action for mandamus, then pending in the Louisiana Fifth Circuit Court of Appeal, constituted the same identities and causes of action as the subsequent suit. On June 29, 1983, the trial court granted the exception of lis pendens.
Plaintiffs subsequently perfected this appeal of that judgment dismissing the petition for declaratory judgment, specifying as error that the causes of action alleged in the declaratory judgment suit differ from the causes of action alleged in the mandamus action.
In this regard, appellant submits that the earlier case was a mandamus to the Parish of Jefferson to order preparation of written specifications for the obtaining of public bids for the insurance needs of the Parish, its departments, offices, agencies or special districts, and to disseminate the same to all insurance agents in the Parish of Jefferson desiring to bid thereon competitively.
Appellant asserts that this instant action does not involve any mandamus or summary proceeding; but that it only involves a declaratory judgment action as to the following:
that (A) the insurance contract between Schexnayder, d/b/a Quaid Insurance Agency, and the Parish of Jefferson for a term in excess of one year should be decreed to be null and void; that
(B) the members of the Insurance Advisory Committee of the Parish of Jefferson should be held to be public employees, as was stated by the Ethics Commission of the State of Louisiana in Advisory Opinion No. 81-80; that
(C) the Parish of Jefferson should be held to be the recipient of the 50 percent of the insurance commissions purportedly due by Schexnayder to the members of the Insurance Advisory Committee of the Parish of Jefferson; and that
(D) the Parish of Jefferson should be ordered to prepare written specifications for the obtaining of public bids for the insurance needs of the Parish, its departments, offices, agencies or special districts, and to disseminate the same to all insurance agents in the Parish of Jefferson desiring to bid thereon competitively.
Appellant concludes that the only similarity between this case and the earlier mandamus action relates to the preparation of written specifications for competitive bid under the Public Bid Law and submits that this action is entirely different from the earlier mandamus action brought to compel the preparation of written specifications, at least as to Items (A), (B) and (C) above.
Appellee, however, asserts that both actions involve the same cause of action between the same parties, in the same capacities and having the same object. Thus, under LSA-C.C.P. Article 531, the declaratory judgment action is lis pendens.
LSA-C.C.P. Article 531 provides that, "When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed" through an exception of lis pendens. Lis pendens is properly pleaded even if the first suit is pending in the appellate, rather than the trial court. Cardino v. Scroggins, 190 La. 53, 181 So. 810 (La.1938); Scott v. Ware, 160 So.2d 237 (La.App. 2d Cir.1964). Louisiana courts have explained that a court should sustain an exception of lis pendens if it finds that a final judgment rendered in the first suit would be res judicata in the second action. Guedry Finance Company, Inc. v. Sanderson, 348 So.2d 119, 120 (La.App. 4th Cir. 1977). Res judicata requires an identity of parties, an identity of cause and an identity *1211 of the thing demanded. LSA-C.C. art. 2286; Doyle v. State Farm Mutual Insurance Company, 414 So.2d 763 (La.1982); Welch v. Crown Zellerbach Corporation, 359 So.2d 154, 156 (La.1978). The exception of lis pendens has the same requirements as res judicata. Slater v. Slater, 336 So.2d 965 (La.App. 4th Cir.1976); Braquet v. Administrators of Tulane Educational Fund, 419 So.2d 30, 32-33 (La.App. 4th Cir.1982).
As the Louisiana Supreme Court explained in R.G. Claitor's Realty v. Juban, 391 So.2d 394 (La.1980), the proper translation of the phrase "cause of action" in LSA-C.C. article 2286 is "the same cause" and that, in civilian jurisprudence, the term "cause" refers to "the juridical or material fact which is the basis of the right claimed, or the defense pleaded." See also Mitchell v. Bertolla, 340 So.2d 287 (La.1976).
A comparison of the pleadings herein reveals that, in both actions, appellant asserted the invalidity of the contract dated December 11, 1981 between defendants Jefferson Parish and intervenor Schexnayder. In both instances, appellant alleges that the contract is illegal because the term exceeds one year; and, further, the contract is illegal in that it violates the Louisiana Public Bid Law, LSA-R.S. Section 38:2211. Clearly these allegations give rise to identical relief. Upon litigation of the mandamus action, the validity of the contract will acquire the status of res judicata.
Appellant's petition for declaratory relief also raises the issue of the legality of split-fee commissions to the Insurance Advisory Board historically provided in these types of contracts by the Parish. In our opinion, those questions are an integral part of the issue of the contract's validity to be properly decided in the original action for mandamus. Thus, as there is an identity of parties and the cause and thing demanded are identical, the trial court properly granted the exception of lis pendens.
Therefore, after a review of the law and the record, the judgment dismissing the declaratory judgment petition is hereby affirmed. Appellant is to pay all costs of this appeal.
AFFIRMED.