509 So.2d 21 (1987)
MADDENS CABLE SERVICE, INC.
v.
GATOR WIRELINE SERVICES, LTD.
No. CA 86 0310.
Court of Appeal of Louisiana, First Circuit.
May 27, 1987.
Robert P. Cuccia, Houma, for plaintiff and appellantMaddens Cable Service, Inc.
Gator Wireline Services, Ltd., in pro per.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
LANIER, Judge.
This is a devolutive appeal from a trial court judgment which sustained a declinatory exception raising the objection of lis pendens and dismissed a suit on an open account without prejudice.

PRODEDURAL FACTS
On July 18, 1984, Maddens Cable Service, Inc. (Maddens) filed a suit (Maddens I) on an open account against Gator Wireline Services, Ltd. (Gator) seeking $29,685.25, legal interest from date of judicial demand, a reasonable attorney fee pursuant to La. R.S. 9:2781, and all costs. Gator responded on October 15, 1984, with an innominate exception which claimed the itemized statement of account and the invoices attached to Maddens I did not total the amount claimed, the dray receipts were not attached to the invoices and some of the attached invoices showed payment.[1] The exception was heard on January 18, 1985, and on February 20, 1985, the trial court rendered a judgment which (1) ordered Maddens to amend its petition within five days to assert a claim for $15,644.75, and (2) ordered Gator to answer within twentyfive days thereafter. The amended petition was not filed. Instead, on March 26, 1985, *22 Maddens moved for and obtained from the trial court an ex parte judgment which dismissed Maddens I without prejudice.[2] This judgment was filed on March 27, 1985, and has a certificate indicating counsel for Maddens mailed a copy of the judgment to Gator's counsel on March 25. The record does not reflect that a notice of judgment was issued to Gator's counsel.
On April 9, 1985, counsel for Gator filed a pleading entitled "MOTION TO SET ASIDE ORDER OF DISMISSAL, OR IN THE ALTERNATIVE, MOTION TO DISMISS WITH PREJUDICE".[3] In this pleading, Gator asserted that on March 30, 1985, Gator's counsel received a copy of the signed motion to dismiss, that pursuant to La.C.C.P. art. 1671 a dismissal without prejudice was improper because of Gator's general appearance by exception and that the dismissal should be set aside, or, in the alternative, the dismissal should be with prejudice. This motion was heard on May 10, 1985.
On May 16, 1985, Maddens filed a second suit (Maddens II) on an open account against Gator, seeking $15,645.25, legal interest from date of judicial demand, a reasonable attorney fee pursuant to La.R.S. 9:2781, and all costs.
On June 3, 1985, the trial court rendered judgment in Maddens I, denying the motion to set aside the ex parte judgment of dismissal without prejudice. On June 18, 1985, Gator took a devolutive appeal in Maddens I.
On June 26, 1985, Gator filed a declinatory exception raising the objection of lis pendens in Maddens II. On July 19, 1985, the trial court heard the exception and overruled it. A formal judgment to that effect was filed on August 2, 1985. Gator sought a supervisory writ from this ruling, and, on September 30, 1985, this court granted the writ peremptorily and ordered the trial court to enter a judgment in favor of Gator dismissing Maddens II without prejudice. On October 30, 1985, the trial court signed a judgment to that effect. On December 19, 1985, Maddens took this devolutive appeal in Maddens II.
On May 15, 1986, this court affirmed the Maddens I trial court judgment of dismissal, 481 So.2d 1341. That judgment has now become definitive. (Apparently, there was no application for a rehearing or a supervisory writ to the Louisiana Supreme Court.)
On February 26, 1987, Maddens filed a motion in this court in Maddens II, contending it was entitled to a summary disposition[4] in its favor because of the definitive judgment in Maddens I.

OBJECTION OF LIS PENDENS
Maddens contends it was error to sustain the declinatory exception raising the objection of lis pendens in Maddens II.
The objection of lis pendens raised in a declinatory exception declines jurisdiction over a second suit where a prior suit is pending between the same parties, in the same capacities, on the same cause of action, and has the same object. La.C.C.P. arts. 923 and 925(3). La.C.C.P. art. 531 provides as follows:
When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all. [Emphasis added.]
The essence of Maddens' assignment of error is that Maddens I was no longer pending after it was dismissed in the trial court, and the effect of the judgment of dismissal was not suspended during the *23 subsequent devolutive appeal. In the motion for summary disposition, Maddens further asserts that Maddens I is not presently pending because the judgment of dismissal therein is now definitive.[5] It is undisputed that Maddens I and II are between the same parties, in the same capacities, on the same cause of action and have the same object.
Generally, for purposes of La.C.C.P. art. 531, a suit is considered pending in a Louisiana court if it is being reviewed by an appellate court. Daul Insurance Agency, Inc. v. Parish of Jefferson, 447 So.2d 1208 (La.App. 5th Cir.1984); Scott v. Ware, 160 So.2d 237 (La.App. 2nd Cir.1984). Cf. State ex rel. Divens v. Johnson, 207 La. 23, 20 So.2d 412 (1944); Cardino v. Scroggins, 190 La. 53,181 So. 810 (1938). This is based on the reasoning that a final judgment on the merits of the first suit will be res judicata in the second suit. Daul, 447 So.2d at 1210. In the instant case, however, the finality of the judgment of dismissal without prejudice of Maddens I does not render the merits of the disputes between the parties res judicata. For this reason, we decline to rule on the objection of lis pendens in the procedural and factual climate as it existed in the trial court, but will consider it in the procedural and factual climate that now exists before us.
La.C.C.P. art. 5051 admonishes us that the articles of the Louisiana Code of Civil Procedure must "be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves." The official revision comment for Article 5051 states that it "expresses the procedural philosophy of this Code and serves as a constant reminder to the bench and bar that procedural rules are only a means to an end, and not an end in themselves." Lawsuits should be decided on their merits and should not turn on arbitrary or technical rules of procedure. National Surety Corporation v. Standard Accident Insurance Company, 247 La. 905, 175 So.2d 263 (1965). See also U.S. Fire Insurance Company v. Swann, 424 So.2d 240 (La. 1982).
In Slater v. Slater, 336 So.2d 965 (La. App. 4th Cir.1976), a husband filed a suit for a separation in a parish which lacked venue because he was not properly domiciled there. The wife then filed a suit for a divorce in a parish that had proper venue. The wife objected to the husband's suit on venue grounds, and the husband objected to the wife's suit on lis pendens grounds. The husband's suit was dismissed by the district court for lack of venue, and he appealed. The wife's suit was dismissed by the district court for lis pendens, and she appealed. The husband lost his appeal, and subsequent writs were denied by the Louisiana Supreme Court. In this factual and procedural posture, the appellate court in the wife's appeal observed as follows:
Under the circumstances of this case, where a suspensive appeal has been taken from the judgment maintaining an exception of lis pendens, and where the suit forming the basis for the exception is subsequently determined to be void from its inception, we hold that the appellate court must take cognizance of the situation existing at the time of consideration of the merits of the appeal. Justice in this court would indeed be blind if we allowed to stand this judgment dismissing the suit on an exception of lis pendens, when the highest court in this state has ruled in effect that the suit forming the basis for the exception was void from its inception. We conclude that the exception of lis pendens must now be overruled, whether or not the trial court judgment maintaining that exception was correct when rendered. [Emphasis added.]
Slater, 336 So.2d at 967.
Although there are distinctions between Slater and the instant case, we believe the results should be the same. Clearly, Maddens I is no longer pending. It would serve no useful purpose at this time to affirm Maddens II and require Maddens to file Maddens III (which will be between the same parties, in the same capacities, *24 on the same cause of action, and have the same object). The res judicata of the dismissal without prejudice in Maddens I does not affect the merits of Maddens II. Accordingly, we hold that the basic philosophy of our Code of Civil Procedure dictates that, in its present procedural and factual posture, Maddens II should not be dismissed on an objection of lis pendens, and the exception now should be overruled.

DECREE
For the foregoing reasons, the declinatory exception pleading the objection of lis pendens is overruled, and the case is remanded to the trial court for further proceedings in accordance with law. Gator is cast for the cost of this appeal.
REVERSED AND REMANDED.
NOTES
[1] This exception appeared to be treated by the parties and the trial court as a dilatory exception pleading the objection of vagueness.
[2] This was apparently done so Maddens could perfect a claim for an attorney fee pursuant to La.R.S. 9:2781.
[3] This pleading appears to be a motion for a new trial, despite its title.
[4] Summary disposition of an appeal is authorized by Rule 2-11.3, Uniform RulesCourts of Appeal.
[5] Cantrell v. BASF Wyandotte Corporation, 489 So.2d 1062 (La.App. 1st Cir.1986).