624 So.2d 461 (1993)
LOUISIANA COTTON ASSOCIATION WORKERS' COMPENSATION GROUP SELF-INSURANCE FUND and Arthur J. Gallagher of Louisiana, Inc. D/B/A Broussard, Bush & Hurst as Fund Administrator, Plaintiffs-Appellants,
v.
TRI-PARISH GIN COMPASNY, INC., Charles LaPrairie and Anthony Mose, Defendants-Appellees.
No. 25490-CA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1993.
*462 McGlinchey Stafford Lang, New Orleans by Peter L. Hilbert, Jr., Kathleen K. Charvet, Kneipp & Hastings, Monroe by Donald L. Kneipp, for plaintiffs-appellants.
Kantrow, Spaht, Weaver & Blitzer, Baton Rouge by Martin E. Golden, Randal J. Robert, for defendants-appellees.
Before MARVIN, HIGHTOWER and STEWART, JJ.
STEWART, Judge.
Louisiana Cotton Association Worker's Compensation Group Self-Insurance Fund and Arthur J. Gallagher of Louisiana, Inc. d/b/a Broussard, Bush and Hurst, as fund administrator (hereinafter referred to as "the Fund"), appeal the trial court judgment which sustained the exception of lis pendens which had been filed by Tri-Parish Gin Company, Inc. (hereinafter referred to as Tri-Parish). The Fund asserts that the trial court erred in granting the declinatory exception of lis pendens because the other suit, which had been filed in the Nineteenth Judicial Court had been effectively dismissed. We disagree.

FACTS
The Fund issued a worker's compensation self-insurance policy to Tri-Parish. Tri-Parish employees, Charles LaPrairie and Anthony Mose, were injured on October 5, 1992 in the course of their employment working with barges at Tri-Parish's facility located at the Pointe Coupee Port Commission in Simmesport, Louisiana. Tri-Parish made demand on the Fund for defense and indemnity from all claims of LaPrairie and Mose, and demanded that the Fund pay their compensation and medical benefits. The Fund took the position that w.c. benefits which may be owed to LaPrairie and Mose are provided by the Longshore and Harbor Workers' Compensation Act and not the Louisiana Workers' Compensation Law, pursuant to LSA-R.S. 23:1035.2.
The parties then took the following procedural actions:
November 4, 1992Tri-Parish filed a lawsuit in the Nineteenth Judicial District Court, East Baton Rouge Parish, (hereinafter referred to as the East Baton Rouge Parish suit) against the Fund seeking declaration of the rights between the parties under their contract for participation in the Fund's group self-insurance program regarding this work-related accident.
November 5, 1992The Fund filed suit in the Fourth Judicial District Court, Ouachita Parish, (hereinafter referred to as the Ouachita Parish suit) against Tri-Parish and its *463 injured employees, seeking the same declaratory relief.
November 24, 1992Tri-Parish filed an exception of lis pendens in the Ouachita Parish suit, asserting that a prior suit had been filed in the Nineteenth Judicial District.
December 15, 1992The Fund filed an exception of improper venue in the East Baton Rouge Parish suit, asserting that venue would only be proper in Ouachita Parish because the insurance application and agreement provide that with regard to any dispute, "the parties stipulate that the proper venue for the legal action shall be at the location of the administrative office of the Fund," i.e., Monroe, Ouachita Parish, Louisiana.
January 29, 1993The Nineteenth Judicial District Court sustained the Fund's declinatory exception of improper venue. According to the parties, the Nineteenth Judicial District Court ordered the East Baton Rouge Parish suit transferred to the Fourth Judicial District Court on January 29, 1993. However, the judgment which sustains the venue exception makes no reference to either a transfer or dismissal of the East Baton Rouge Parish suit, pursuant to LSA-C.C.P. art. 931. In response thereto, Tri-Parish filed a motion for new trial which the trial court denied. Tri-Parish then filed an application for supervisory writs to the First Circuit Court of Appeal.
February 17, 1993The Fourth Judicial District Court sustained Tri-Parish's exception of lis pendens. The Fund subsequently filed an application for supervisory writs with this court to review this trial court ruling. In denying the writ application, we stated the following:
As the judgment of the 19th Judicial District Court of East Baton Rouge Parish sustaining the exception of improper venue and transferring the matter to Ouachita Parish was not a final judgment, the exception of lis pendens was properly sustained by the 4th Judicial District Court, Parish of Ouachita, pursuant to LSA-C.C.P. Art. 531.
The Fund now appeals the judgment which granted Tri-Parish's exception of lis pendens. We affirm.

DISCUSSION
At issue is whether the Nineteenth Judicial District Court's grant of the Fund's exception of improper venue means that the East Baton Rouge Parish suit was no longer pending at the time the Fourth Judicial District Court sustained Tri-Parish's exception of lis pendens.
A declinatory exception of lis pendens declines jurisdiction over a second suit where a prior suit is pending between the same parties, in the same capacities, on the same transaction or occurrence. LSA-C.C.P. arts. 531, 923, and 925(3).[1]
It is undisputed that both the East Baton Rouge Parish suit and the Ouachita Parish suit involve the same transaction or occurrence. Only the identity of the parties and the pendency of more than one suit are at issue. We therefore address each of these issues.

Identity of the Parties
The identity of parties requirement for lis pendens turns on whether the parties added or omitted would be necessary to reach a judgment on all of the issues asserted against the common parties in both suits. Fincher v. Insurance Corp. of America, 521 So.2d 488, 490 (La.App. 4th Cir.1988), writ denied, 522 So.2d 570 (La.1988). In Jensen Construction Co. v. DOTD, 542 So.2d 168, 171 (La.App. 1st Cir.1989), writ denied, 544 So.2d 408 (La.1989), the court observed that
The jurisprudence does not demand that the parties in the two lawsuits be physically identical. The "identity of parties" requirement is met whenever "the same parties, their successors, or others appear so *464 long as they share the same `quality' as parties". [Welch v. Crown Zellerbach Corporation, 359 So.2d 154, 156 (La.1978)].
Thus, where the parties not only share the same quality as parties but, in essence, their identities are virtually merged into one, to the extent of the policy limits, the parties are the same for the purposes of lis pendens. See Funai v. Air Center, Inc., 499 So.2d 669, 673-674 (La.App. 3d Cir.1986), and cases cited therein.
Tri-Parish filed suit in East Baton Rouge Parish against the Fund, Midwest Employers Casualty Co. (which, along with the Fund, issued the policy), Terry M. Duke (the Fund's insurance agent who marketed the policy), and ABC Ins. Co. The Fund, Midwest Employers Casualty Company and Terry M. Duke not only share the same quality as parties but, to the extent of the policy limits, share virtually the same identity and are identical parties for the purposes of lis pendens. See Funai, supra.
The Fund filed suit in Ouachita Parish against Tri-Parish, LaPrairie, and Mose. Neither LaPrairie nor Mose was a party to the insurance policy which forms the basis for the declaratory action. Indeed, the identities of LaPrairie and Mose as employees of Tri-Parish are virtually merged into one with the identity of Tri-Parish for the purpose of recovery of workers' compensation under the policy. There is no allegation that either LaPrairie or Mose worked outside the scope of his employment with Tri-Parish so as to render his capacity anything other than that of Tri-Parish employee. Neither LaPrairie nor Mose was a party necessary to reach a judgment on all of the issues asserted against Tri-Parish or the Fund which are the parties common to both suits.
On these facts, we conclude that the East Baton Rouge Parish suit and the Ouachita Parish suit are suits between the same parties in the same capacities within the meaning of LSA-C.C.P. art. 531.

Pendency of the Prior Suit
For the purpose of the exception of lis pendens, a civil action commences when a petition is filed. Haynie v. Haynie, 452 So.2d 426, 427 (La.App. 3d Cir.1984); Sims v. Sims, 247 So.2d 602 (La.App. 3d Cir.1971). Likewise, for the purpose of lis pendens, a suit is considered pending in a Louisiana court if it is being reviewed by an appellate court. Maddens Cable Service, Inc. v. Gator Wireline Services, Ltd., 509 So.2d 21, 23 (La.App. 1st Cir.1987); Daul Insurance Agency, Inc. v. Parish of Jefferson, 447 So.2d 1208, 1210 (La.App. 5th Cir.1984); Scott v. Ware, 160 So.2d 237 (La.App. 2d Cir.1964); see also, Bankston v. Alexandria Neurosurgical Clinic, 583 So.2d 1148, 1152 (La.App. 3d Cir.1991), writ denied, 589 So.2d 1066 (La. 1991).
An exception of lis pendens is properly pleaded if, at the time the exception of lis pendens was filed and decided, there was as yet no definitive judgment in the previously filed suit. See Coiled Tubing, Inc. v. Morris, 420 So.2d 1267, 1268-1269 (La.App. 3d Cir.1982). Moreover, because lis pendens does not address the merits of the disputes between the parties, a reviewing court considers lis pendens in the procedural and factual climate that exists at the time of review, rather than at the time of trial court judgment. See Maddens, supra; Slater v. Slater, 336 So.2d 965, 967 (La.App. 4th Cir.1976).
The East Baton Rouge Parish suit commenced on the day before the Ouachita Parish suit was filed and was pending at the time of the instant judgment. At the time of our disposition of this appeal, the writ application for review of the judgment in the first-filed East Baton Rouge Parish suit is pending before the First Circuit Court of Appeal. Accordingly, the judgment in the prior suit is not a definitive judgment. See and compare, Slater, supra.
For the foregoing reasons, we affirm the trial court's judgment which sustained the exception of lis pendens.

CONCLUSION
The Fund asserts that this disposition leaves it without a forum in which to proceed on the merits of the case. We disagree. If the First Circuit affirms the judgment from the Nineteenth Judicial District Court, the suit would be transferred to another venue or *465 dismissed. A dismissal would not be fatal because the merits have not been adjudicated. On the other hand, if the Nineteenth Judicial District Court judgment is reversed, the parties may proceed on the merits in East Baton Rouge Parish.
The judgment of the trial court is affirmed at appellants' costs.
AFFIRMED.
NOTES
[1] LSA-C.C.P. art. 531 provides as follows:

When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.