796 So.2d 66 (2001)
BROOKS WELL SERVICING, INC., et al., Plaintiffs-Appellants,
v.
CUDD PRESSURE CONTROL, INC., et al., Defendants-Appellees.
No. 34,796-CA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 2001.
Rehearing Denied September 20, 2001.
*67 Deutsch, Kerrigan & Stiles, by Robert E. Kerrigan, Jr., Francis J. Barry, Jr., John J. Glas, Walter P. Maestri, New Orleans, Counsel for Appellant National Union Fire Ins. Co. of Pittsburgh, PA.
Adams & Reese, by Robert B. Nolan, Thomas G. O'Brien, Robert N. Markle, New Orleans, Sharp, Henry, Cerniglia, Colvin & Weaver, by Patrick E. Henry, James H. Colvin, Homer, Counsel for Appellant Brooks Well Servicing, Inc.
Wagner & Bagot, by Michael H. Bagot, Jr., New Orleans, Thomas A. Rayer, Jr., Counsel for Appellee Cudd Pressure Control, Inc.
Liskow & Lewis, by Donald R. Abaunza, New Orleans, Russell K. Jarrett, Thomas P. Diaz, New Orleans, Counsel for Appellee Sonat Exploration Co.
Before BROWN, STEWART and GASKINS, JJ.
STEWART, Judge.
Appellants Brooks Well Servicing Inc. ("Brooks"), and National Union Fire Insurance of Pittsburgh, PA ("National") appeal the trial court's grant of Cudd Pressure *68 Control[1] and Sonat Exploration Company's exception of lis pendens. For the reasons set forth herein, we reverse and remand for proceedings consistent with this opinion.

FACTS
Sonat owned and operated the Otto Cummings Alt. Well No. 2, a high pressure gas well in Bryceland, Louisiana. Pursuant to a Master Service Agreement ("MSA"), Sonat retained Brooks to conduct well servicing operations at the Bryceland site. Sonat had also hired Cudd to perform snubbing operations that is, operations that involve forcing pipe into high pressure wells. During the snubbing operations, there was an explosion that killed seven men and severely burned three others. There was also significant damage to the equipment at site.
As a result, a number of lawsuits were filed in various locations. There are several personal injury suits currently being litigated in Texas. Cudd sued various parties, including Brooks in Orleans Parish for damage to Cudd's equipment. Sonat also filed suit in Orleans Parish for damage to its property. Brooks initially sued Cudd in Bienville Parish seeking damages for the loss of its equipment. That suit was dismissed in March 2000 following the trial court's sustaining of Cudd's lis pendens exception. However, during the pendency of this appeal, Cudd amicably resolved the matter filed in Orleans parish against National and Brooks. Consequently, Cudd, National and Brooks filed a motion and order of dismissal of the Orleans Parish case and it was dismissed on March 2, 2001.
Although Cudd now joins with National and Brooks asking this court to reverse the Bienville court, Sonat contends that this court has no authority to consider the evidence of the settlement of the Orleans Parish suit on appeal because this court cannot receive new evidence.

DISCUSSION
La. C.C.P. art. governs lis pendens and 531 states:
When two or more suits are pending in a Louisiana court on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue in the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.
Because lis pendens does not address the merits of the disputes between the parties, a reviewing court considers lis pendens in the procedural and factual climate that exists at the time of review, rather than at the time of the trial court judgment. La. Cotton Ass'n Workers' Compensation Group Self-Insurance Fund v. Tri-Parish Gin Co., Inc., 624 So.2d 461 (La.App. 2nd Cir.1993). After oral argument, Brooks, Cudd, and National filed a joint stipulation of amicable resolution of the Orleans Parish suit which had served as the basis for the exception of lis pendens. The stipulation included an order of dismissal from the trial court in Orleans Parish. Sonat contends that this court may not receive new evidence on appeal and that the dismissal was not a part of the record and thus may not be included in this court's review. However, this argument is contrary to the very nature *69 of a lis pendens review. A review of a grant of lis pendens requires this court to examine not only was the trial court correct when the exception was granted, but whether the exception is still correct at the time of appeal. See La. Cotton Ass'n supra.
Although ordinarily appellate courts may not receive new evidence, an exception to the rule has been recognized where facts subsequent to the trial are not disputed and admitted. Stonecipher v. Mitchell, 26,575 (La.App. 2nd Cir.5/10/95), 655 So.2d 1381. In fact, Stonecipher suggests that a joint stipulation is demonstrative of when a fact is not in dispute or admitted. Sonat argues that because they have not joined in this stipulation, it does not include all parties and cannot be accepted as true. However, Sonat was not a party to the Orleans Parish suit; therefore, its support of a settlement and dismissal of that suit was not necessary. Consequently, this argument is without merit.

CONCLUSION
An appellate court review of a grant of lis pendens requires the court to view the procedural status of case at the time of the appeal. It is thus axiomatic that post-trial occurrences that have altered the procedural status of the case must be taken into consideration, particularly when the parties to the action in question enter a joint stipulation concerning a change in the status of the case. Thus, Sonat's arguments that this court may not review evidence of a dismissal of the case that gave rise to lis pendens exception is without merit. Further, Sonat was a non-party to the action that gave rise to the lis pendens exception, nor was it the party who brought the exception of lis pendens in the Bienville court; thus its consent was not necessary to dismiss the case. Without a suit in Orleans Parish there is no longer any matter upon which to sustain a lis pendens exception. Therefore, we reverse the decision of the trial court granting an exception of lis pendens, and remand the case to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
APPLICATION FOR REHEARING
Before BROWN, STEWART, GASKINS, PEATROSS, and DREW, JJ.
Rehearing denied.
NOTES
[1] Although Cudd is an Appellee, they have joined with the appellant's asking this court for a reversal of the trial court.