h JAMES F. McKAY, III, Judge.
The appellants, the Board of Trustees of the Sheriffs Pension and Relief Fund, appeal the judgment of the trial court denying their motion for preliminary and permanent injunction against the City of New Orleans calling for the collected 2001 taxes to be placed in escrow or in the court’s registry until the outcome of the appeal.
The underlying facts of this case can be found in The Board of Trustees of the Sheriffs Pension and relief Fund, case No.2000-CA-2217, which was on suspen-sive appeal with this Court from Division “D” of Civil District Court, Judge Robin Giarrusso presiding, in case No. 99-20533. On December 5, 2001, this Court affirmed the judgment of the trial court granting the Sheriffs Fund’s petition for mandamus against the City in that case. The City filed a motion for rehearing, which was denied on January 31, 2002.
In the instant matter, appellants are seeking a reversal of the trial court’s dismissing with prejudice the petition for preliminary and permanent injunctive relief on grounds of lis pendens. The instant appeal originated in Division U“J” Civil District Court, Judge Nadine Ramsey presiding, in case No. 00-19002. It is the opinion of this Court that there was no error on the part of the trial court. Further the subject of this appeal is Res Judi-cata considering the outcome of the appeal in Case # 2000-CA-2217, which rendered the mandamus final.
La. C. Civ. Pro. art. 531 states in pertinent part: When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925.
For the purpose of the exception of lis pendens, a civil action commences when a petition is filed. Louisiana Cotton Association Workers’ Compensation Group Self-Insurance Fund v. Tri-Parish Gin Company Inc., 624 So.2d 461, 464 (La.App.2d Cir.1993), Haynie v. Haynie, 452 So.2d 426, 427 (La.App. 3d Cir.1984); Sims v. Sims, 247 So.2d 602 (La.App. 3d Cir.1971). Likewise, for the purpose of lis pendens, a suit is considered pending in a Louisiana court if it is being reviewed by an appellate court. Maddens Cable Service, Inc. v. Gator Wireline Services, Ltd., 509 So.2d 21, 23 (La.App. 1st Cir.1987); Haul Insurance Agency, Inc. v. Parish of Jefferson, 447 So.2d 1208, 1210 (La.App. 5th Cir.1984); Scott v. Ware, 160 So.2d 237 (La.App. 2d Cir.1964).
The Sheriffs Fund concedes that two of the three requirements for lis pendens are met. The mandamus proceedings and the injunction involve the same parties and are pending concurrently. The two suits clearly involve the same transaction or occurrence. Furthermore, the trial court granted the City’s suspensive appeal on the mandamus issue.
laThe mandamus judgment, which was the subject of 2000-CA-2217, ordered the City to deduct one-half of one percent of taxes shown to be collected by Orleans Parish tax rolls, and deliver the revenues to the Sheriffs Fund pursuant to La. R.S. 11:2174, starting with the year 2000. The preliminary injunction and permanent injunction, which were sought by the appellant and the subject of this appeal, were to require the City to set aside the very same money that was addressed in the suspended judgment of mandamus. The clear purpose of the injunction was to enforce the mandamus despite the pending suspen-sive appeal. Clearly, both appeals address the same transactions and occurrences, the tax collections for every year starting in *545 2000. Because the trial court properly denied the appellant’s preliminary and permanent injunction as lis pendens pursuant to La. C. Civ. Pro. art. 531, this matter is res judicata, and as such we dismiss this appeal.
APPEAL DISMISSED.