hBAGNERIS, J.

FACTS

On March 5, 2002, Lakisha 0. Wells filed a petition (“2002 petition” or “2002 case”) against her mortgage holder, Standard Mortgage Company (“Standard”), for damages and return of real property located at 1413-1415 South Saratoga Street in New Orleans (“property”). Wells alleged in the 2002 petition that after a fire damaged her property, Standard held the insurance proceeds to be paid to the contractor as the property was repaired.
The first payment of the insurance proceeds was issued jointly to Wells and the contractor; Wells received the check first, endorsed it, and forwarded the check to the contractor who had completed the first phase of repairs. Wells alleged that Standard subsequently was negligent and failed to exercise the skill and prudence. of a fiduciary when it issued the second check directly to the contractor without verifying that the work had been completed. Wells claims that the contractor forged her name to cash the check. Wells alleged that Standard or the insurance company improperly paid the remaining insurance proceeds to the contractor. The contractor, according to Wells, is no longer repairing her property.
As a result of the fire and the failure of the contractor to repair the property, the City of New Orleans condemned part of the property, which had been used as 12rental apartments. Unable to rent the property and generate revenue, Wells fell behind in her mortgage. Wells claims that she tendered payments by check and in cash to Standard, which Standard refused to accept. Standard foreclosed on her property, according to Wells, in order to hide the. mistaken payments- to the contractor.
On March 28, 2002, Standard filed its exceptions of lis pendens and no cause of action in the 2002 case. Standard pointed out that it had previously filed a suit for foreclosure via executory process against Wells in 2001 (“2001 petition” or “2001 case”).[1] Standard argued that the 2001 and 2002 petitions were between the same parties in the same capacities on the same causes of action with the same object, thus precluding prosecution of the 2002 petition.[2] In addition, Standard argued that *114 the 2002 petition failed to state a cause of action for allegedly failing to preserve deposits for repair work. Standard was not a party to the contract between Wells and the contractor; and without privity of contract between Standard and Wells, the allegation of breach of contract fails.
On June 12, 2002, Wells filed her opposition to Standard’s exceptions of lis pendens and no cause of action. Wells conceded that “as for the lis pendens, Standard is most likely correct” and agreed to stay the 2002 case pending this court ruling on the appeal of the trial court’s granting of Standard’s exceptions in the 2001 case. Wells opined that if the exception of lis pendens were granted, Wells 1 swould be forced to file a third petition, which Standard would most likely challenge based on prescription.
In her opposition to Standard’s exception of no cause of action, Wells argued that Standard was, in effect, a party to the contract between Wells and the contractor by holding the insurance proceeds used to pay the contractor. That is, Standard was a depository of the insurance funds, and a depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property. La. C.C. art. 2937. Wells argues that Standard would not have paid a contractor hired to repair its property if the contractor had not actually made the repairs.
On June 19, 2002, the trial court signed the judgment granting Standard’s exceptions of no cause of action and lis pendens and dismissed Wells’ 2002 petition. On August 6, 2002, Wells filed her motion for a devolutive appeal, which the trial court granted on August 12, 2002.
On October 9, 2002, this court affirmed the trial court’s granting of Standard’s exception of no cause of action in the 2001 case. Standard Mortgage Corporation v. Lakisha O. Wells, unpub., 2002-0895 (La.App. 4 Cir. 10/9/02), 829 So.2d 673. This court found that the trial court did not err as to the executory proceedings; that is, Standard was the proper entity to move for executory process, and Standard properly followed the procedure for executory process. This court pretermitted discussion of Wells’ assignments of error regarding the preliminary injunction, damages, and sanctions.

DISCUSSION

Wells argues that this court should review the trial court’s granting of Standard’s exception of lis pendens in light of the fact that the 2001 case has been |4dismissed and that this court has affirmed the dismissal. Thus, the only re-’ maining case is the 2002 case, and lis pendens is no longer applicable. Furthermore, because the trial court found that an ordinary proceeding for damages could not be joined with an executory proceeding of foreclosure, and this court pretermitted discussion of the damages claim in the 2001 case, the decision in the 2001 case is not res judicata in the 2002 case.
La. C.C.P. art. 531 governs lis pendens and states:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of *115 the suits, but the first final judgment rendered shall be conclusive of alb
The test for ruling on an exception of lis pendens is to inquire whether a final judgment in the first suit would be res judicata in the subsequently filed suit. Domingue v. ABC Corporation, 96-1224, p. 3 (La.App. 4 Cir. 6/26/96), 682 So.2d 246, 248. The exception of lis pendens has the same requirements as the exception of res judi-cata and is properly granted when the suits involve the same transaction or occurrence between the same parties in the same capacities. Domingue, 96-1224, p. 3, 682 So.2d 246, 248.
The first requirement for granting an exception of lis pendens is that there are two or more suits pending. A suit is considered pending for lis pendens purposes if it is being reviewed by an appellate court. Glass v. Alton Ochsner Medical Foundation, 2002-0412, p. 4 (La.App. 4 Cir. 11/6/02), 832 So.2d 403, 406, citing Board of Trustees of Sheriff’s Pension and Relief Fund v. City of New Orleans, 2001-0497, p. 2 (La.App. 4 Cir. 3/13/02), 813 So.2d 543. The suit subject to this appeal was filed in the Civil District Court for the Parish of Orleans Lon March 5, 2002. Standard contends that when Wells filed this suit, the 2001 petition was pending because this court did not rule on this case until October 9, 2002 and the Louisiana Supreme Court did not deny writs in this case until November 19, 2002. Wells does not deny that at the time of the trial court’s ruling in this matter, both the 2001 case and the 2002 case were pending. Thus, the requirement that two or more cases are pending has been met.
The second requirement for granting lis pendens is that the suits involve the same transaction or occurrence. Hy-Octane Investments, Ltd. v. G & B Oil Products, Inc., 97-28, p. 5 (La.App. 3 Cir. 10/29/97), 702 So.2d 1057, 1600, citing Comment (a) to La. R.S. 13-.4231.[3] The 2001 and 2002 cases arise out of the same transaction: the foreclosure of Wells’ property after a fire. In the 2001 case, Standard filed an executory proceeding for foreclosure based on Wells’ failure to pay. In the 2002 case, Wells filed a petition for breach of contract and damages arising out of Standard’s allegedly negligent disbursement of the insurance proceeds to the contractor. In each case, the alleged contract at issue is the mortgage held by Standard. Thus, the two suits arise out of the same transaction.
The third requirement for granting lis pendens is that the suits involve the same parties in the same capacities. Identity of parties does not mean the parties Lmust be the same physical or material parties; rather, they must appear in the suit in the same quality or capacity. Duffy v. Si-Sifh Corp., 1998-1400, p. 8 (La.App. 4 Cir. 1/9/99), 726 So.2d 438, 443. The only re *116 quirement is that the parties be the same “in the legal sense of the word.” Duffy, 1998-1400, p. 8, 726 So.2d 438, 443. The 2001 case and the 2002 case both involved Standard as the mortgagee and Wells as the mortgagor. Thus, the requirement that the suits involve the same parties in the same capacities has been met.
Wells urges this court to review the trial court’s actions in light of the judgment in the 2001 case becoming final. See Slater v. Slater, 336 So.2d 965 (La.App. 4 Cir. 1976). In Slater, the case that formed the grounds for lis pendens was found to be void by the Louisiana Supreme Court. Slater, 336 So.2d 965, 967. As a result, this court held that in the interest of justice, “the exception of lis pendens must now be overruled, whether or not the trial court judgment maintaining that exception was correct when rendered.” Slater, 336 So.2d 965, 967.
The court in Brooks Well Servicing, Inc. v. Cudd Pressure Control, Inc., 34,796 (La.App. 2 Cir. 8/22/01), 796 So.2d 66 more recently stated:
Because lis pendens does not address the merits of the disputes between the parties, a reviewing court considers lis pendens in the procedural and factual climate that exists at the time of review, rather than at the time of the trial court judgment. ■
Brooks Well Servicing, 34,796, p. 2, 796 So.2d 66, 68, citing La. Cotton Ass’n Workers’ Compensation Group Self-Insurance Fund v. Tri-Parish Gin Co., Inc., 624 So.2d 461 (La.App. 2 Cir.1993).
At the time of the hearing, the trial court correctly granted the exception of lis pendens in the 2002 case because the 2001 case was pending at the appellate |7level. At the time of this court’s review, however, the 2001 case is no longer pending, thus removing the basis for lis pendens. The 2001 case involved the foreclosure of the property through an executory proceeding, and Wells was procedurally prohibited from bringing her ordinary negligence action in the executory proceeding. The 2002 case involves Wells’ allegation that Standard negligently disbursed the insurance proceeds and created a financial hardship for her. Thus, the judgment in the 2001 case is not res judicata in the 2002 case, as it relates to Wells’ negligence claim.[4]
Wells argues next that the trial court erred in granting Standard’s exception of no cause of action. The Louisiana Supreme Court in Fink v. Bryant, 2001-0987 (La.11/28/01), 801 So.2d 346 recently stated:
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015 (La.11/30/94), 646 So.2d 885. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, 616 So.2d 1234 (La.1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ. Proe. Ann. art. 931. The exception is triable *117 on the face of the papers and for the purposes of determining -the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. City of New Orleans v. Board of Commissioners, 93-0690 (La.7/5/94), 640 So.2d 237. In reviewing a trial court’s ruling sustaining an exception of no cause of action, the appellate court and this Court should subject the case to de novo review because the exception raises a question of law and the trial court’s decision is based only on the sufficiency of the petition. City of New Orleans, 640 So.2d at 253. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of | sany claim which would entitle him. to relief. Haskins v. Clary, 346 So.2d 193 (La.1977).
Fink v. Bryant, 2001-0987, p. 3-4, 801 So.2d 346, 348-349.
Wells claims that Standard was the depository of the insurance proceeds and that it was negligent, in disbursing -the funds to the contractor. Wells alleges that the trial court granted the exception of no cause of action because the contract for repair of the property was between Wells and the contractor, not Standard. The mortgage between Standard and Wells, however, is: also relevant, as Wells alleges that Standard was the depository of the insurance proceeds to be used to pay the contractor for repairs to the property. Taking the facts alleged in Wells’ petition to be true for purposes of evaluating the exception of no cause of action, Wells presented a scenario that states a cause of action against Standard on the face of the petition. Therefore, the trial court erred in granting Standard’s exception of no cause of action.
For these reasons, we reverse the trial court’s order granting Standard’s exceptions of no cause of action .and lis pendens.

REVERSED.

. Standard Mortgage Corp. v. Lakisha O. Wells, CDC # 2001-12674.

. In the 2001 case, Wells filed a petition for an order suspending the seizure and sale of her property; alternatively, she asked for a preliminary or permanent injunction, damages, and return of the seized properly. On March 1, 2002, the trial court granted Stan *114 dard’s exception of no cause of action in the 2001 case on the grounds that an ordinary proceeding may not be incorporated into an executory proceeding. On March 6, 2002, Wells moved for an order of appeal, which was granted on March 8, 2002.

. Comment (a) to La. R.S 13:4231, in pertinent part, reads:
The central inquiry is not whether the second action is based on the same cause or cause of action (a concept which is difficult to define) but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action. This serves the purpose of judicial economy and fairness by requiring the plaintiff to seek all relief and to assert all rights which arise out of the same transaction or occurrence. This prevents needless relitigation of the underlying facts and will free the defendant from vexatious litigation; and, by focusing on the transaction or occurrence which would be comparatively easy to determine, this proposal avoids the much more difficult problem of defining what constitutes "cause of action” is avoided. For purposes of res judicata it would not matter whether the cause of action asserted in the second action was the same as that asserted in the first or different as long as it arose out of the transaction or occurrence that was the subject matter of the first action.

. In the 2002 petition, Wells also challenges the foreclosure through executory process. The 2001 case addressed this issue and has been affirmed by this court, with the Louisiana Supreme Court denying Wells’ petition for review in that court. Accordingly, the 2001 case is res judicata on the issue of Standard's use of executory process to foreclose on the property.