HEARD, Judge.
Belle Virginia Goldblum, testamentary executrix of the succession of George J. Woolhandler, filed suit in the First Judicial District Court, Caddo Parish, Louisiana, on March 17, 1972 against 32 defendants. She sought to annul a certain voting trust entered into by Woolhandler on the grounds that (1) it violated the provisions of Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e; (2) it violated LSA-R.S. 51:701 et seq.; (3) it violated the Business Corporation Law of Louisiana, specifically LSA-R.S. 12:78(G) (H), 12:638; (4) no consideration was paid to Woolhandler for its execution. In the alternative, Goldblum sought a decree that the Woolhandler children own 275 shares of the capital stock of Doctors’ Hospital, Inc. unencumbered by said voting trust.
On the same day she filed the State court suit, and only shortly thereafter, Goldblum filed suit in the United States District Court for the Western District of Louisiana against four of the aforementioned 32 defendants. The Federal suit was styled as a class action. It also sought annulment of the voting trust on the sole ground that it violated the Securities Act of 1933, 15 U.S.C. § 77e.
*612 The 32 defendants in State court filed an exception to stay the proceedings which was sustained, and the trial judge rendered judgment staying all proceedings in State court until discontinuance or final judgment in the Federal suit.
Goldblum petitioned this court for writs of certiorari, prohibition, and mandamus. Under our supervisory jurisdiction, we granted writs in order to study this matter more closely. After careful consideration, we are of the opinion that the trial judge was correct in sustaining the exception and staying the proceedings.
Goldblum argues that the trial judge erred in staying the proceedings because the State court suit was filed first, and our law only provides for a stay of the second suit. LSA-C.C.P. Art. 532 provides:
“When a suit is brought in a Louisiana court while another is pending in a court of another state or of the United States on the same cause of action, between the same parties in the same capacities, and having the same object, on motion of the defendant or on its own motion, the court may stay all proceedings in the second suit until the first has been discontinued or final judgment has been rendered.”
Comment (c) under this article states:
“This article applies only where the suit in the foreign jurisdiction or in the federal court is filed first. To extend the provisions of the article to cases where the Louisiana action has been filed first would require the Louisiana courts to abdicate their judicatory power.”
We believe the purpose of this article would be defeated if we held that a state court suit filed a few minutes before a Federal suit could never be stayed. We are of the opinion that where the suits are filed a few minutes apart, they are filed simultaneously and, if other requirements are met, the trial judge is not prevented from staying proceedings in the State court suit. There are some indications in our law that fractions of days are to be disregarded. See LSA-C.C. Arts. 2057-2059; LSA-C.C.P. Art. 5059. However, our holding above is based not so much on statutory law, but more on a desire to avoid hypertechnical and meaningless distinctions. Therefore, we find no merit in Goldblum’s argument that the trial judge could not sustain the exception because the State court suit was filed first.
Goldblum also argues that the trial court erred in sustaining the exception because the Federal suit would not operate as a res judicata bar to the State suit. Where identical suits are pending in our State courts the trial judge must dismiss all but the first suit if the defendant so moves. LSA-C.C.P. Art. 531. Where identical suits are pending in State and Federal court, the trial judge may stay proceedings in the second suit. By the same token, as a matter of comity, the trial judge may stay proceedings in the State suit if the Federal suit will dispose of some of the issues before the State court. Comment (a) under LSA-C.C.P. Art. 532 provides:
“The jurisprudence of Louisiana is well settled that the strict rules of lis pendens will not be applied unless the suits are pending in Louisiana courts, and that these rules do not apply when the first action is pending either in a federal court, or in a court of another state or a foreign country.”
There is no doubt that if there are identical suits in Federal and State courts the State court does not have to stay proceedings. We also believe that if there are similar suits pending in Federal and State courts the State court may stay proceedings. As stated by the United States Supreme Court:
“ * * * the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.”
*613 [Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936)]
To reiterate, the strict rules of lis pen-dens apply to suits pending in State courts. Where the suits are pending in Federal and State courts, the strict rules do not apply. This is evident from the fact that LSA-C.C.P. Art. 531 calls for dismissal and LSA-C.C.P. Art. 532 calls for a stay. This stay of proceedings is discretionary with the State court whether or not the suits are identical.
Regardless of the outcome of this Federal suit, a State suit may still be necessary. However, a conflict may be avoided through a stay of the State court proceedings. Above all, it should be kept in mind that this stay is a matter of comity and not of power.
Accordingly, for the reasons assigned, the writs heretofore issued are now recalled and the judgment of the lower court is affirmed at relator’s cost.
HALL, J., dissents with written reasons.
BOLIN, J., dissents for the reasons expressed by HALL, J.