850 So.2d 1027 (2003)
BROOKS WELL SERVICING, INC. and National Union Fire Insurance Company of Pittsburgh, PA, Plaintiff-Appellee,
v.
CUDD PRESSURE CONTROL, INC. and Sonat Exploration Company, Defendant-Appellant.
No. 36,723-CA.
Court of Appeal of Louisiana, Second Circuit.
June 27, 2003.
Rehearing Denied August 14, 2003.
*1028 Michael H. Bagot, Jr., Thomas A. Rayer, Jr., New Orleans, for Appellant, Cudd Pressure Control, Inc.
*1029 Philip K. Jones, Jr., New Orleans, Russell K. Jarrett, Thomas P. Diaz, New Orleans, for Appellant, Sonat Exploration Company.
Robert B. Nolan, Thomas G. O'Brien, New Orleans, Patrick E. Henry, Shreveport, Megan Haggerty, Thomas Eliot Gottsegen, New Orleans, for Appellee, Brooks Well Servicing, Inc.
Francis J. Barry, Jr., Robert E. Kerrigan, Jr., Walter P. Maestri, New Orleans, for Appellee, National Union Fire Insurance Co.
Arthur W. Landry, New Orleans, for Intervenor, Lumbermens Mutual Casualty Co.
Before BROWN, WILLIAMS and GASKINS, JJ.
WILLIAMS, J.
The defendant, Cudd Pressure Control, Inc. ("Cudd"), appeals a district court judgment in favor of Sonat Exploration Company ("Sonat") sustaining Sonat's exceptions of lis pendens and res judicata, finding that Cudd's request for declaratory judgment was precluded by a prior Texas judgment. Additionally, the co-defendant, Sonat, appealed a judgment granting the motion for summary judgment of the plaintiffs, Brooks Well Servicing, Inc. ("Brooks") and its insurer National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union"). The district court held that pursuant to Louisiana law Sonat was not entitled to indemnity from Brooks or to insurance coverage from National Union under the parties' service contract. The intervenor, Lumbermens Mutual Casualty Company ("Lumbermens"), appeals a judgment sustaining Sonat's exception of lis pendens and staying its intervention.
Subsequently, Sonat, Brooks and National Union settled their differences and filed a joint motion to dismiss Sonat's appeal. Accordingly, by separate order of this court, the appeal filed by Sonat has been dismissed with prejudice and the moving parties have been assessed with their own appeal costs. The settlement and dismissal do not affect the appeal filed by Cudd. For the following reasons, we reverse in part and affirm in part.

FACTUAL AND PROCEDURAL BACKGROUND
Sonat owned and operated the Otto Cummings Alt. Well No. 2, a high pressure gas well in Bryceland, Bienville Parish, Louisiana. Pursuant to separate Master Service Agreements ("MSA"), Sonat retained Brooks to conduct well-servicing operations at the Bryceland site and hired Cudd to perform snubbing operations, a process which involves forcing pipe into high pressure wells. In October 1998, during the snubbing operations, a well explosion killed seven men and severely burned three others. There was also significant damage to all of the equipment at the site. Prior to beginning work, Brooks had obtained excess liability insurance coverage from National Union. Cudd's excess coverage was provided by Lumbermens. Pursuant to the MSA, Sonat was added as an insured under the policies issued by National Union and Lumbermens.
As a result of the well blowout, a number of lawsuits were filed in various locations. Employee personal injury and wrongful death suits were filed in Texas. Cudd sued various parties, including Brooks in Orleans Parish, Louisiana, for damage to Cudd's equipment. Sonat also filed suit in Orleans Parish for damage to its property. In January 2000, Brooks and National Union sued Cudd and Sonat in Bienville Parish seeking damages for the loss of Brooks' equipment. That suit was *1030 dismissed in March 2000 following the trial court's sustention of Cudd's exception of lis pendens based on the lawsuit in Orleans Parish. Brooks and National Union appealed the dismissal. However, while the appeal was pending, Cudd amicably resolved its property damage claim against Brooks and National Union and the Orleans Parish case was dismissed.
In September 2000, Sonat filed third-party indemnity claims against Brooks and Cudd in a pending personal injury case entitled Creel v. Sonat Exploration Company, NO. 99-0199, 71st Judicial District Ct. of Harrison County (Houston), Texas. By August 2001, Sonat had settled the wrongful death and personal injury suits of the Cudd and Brooks employees. Sonat also filed a separate action against Brooks and National Union seeking insurance coverage for the amount of personal injury damages paid.
In February 2001, Cudd joined Brooks and National Union in their appeal of the district court's judgment sustaining Cudd's exception of lis pendens. After finding that the parties had resolved the Orleans Parish suit which was the basis for the exception, this court reversed the trial court's judgment and remanded the case to the district court in Bienville Parish. Brooks Well Servicing v. Cudd Pressure Control, Inc., 34,796 (La.App.2d Cir.8/22/01), 796 So.2d 66.
Prior to our remand of the Bienville Parish case, Sonat filed motions for partial summary judgment in Harrison County against Cudd, Brooks and National Union seeking the application of Texas law to the M.S.A. and a finding that Sonat was entitled to indemnity and insurance coverage for personal injury damages paid. The motions were granted in Sonat's favor, leaving the assessment of quantum to be determined. The jury trial on the issue of damages convened as to Cudd; however, Brooks was granted a continuance after its attorney became ill. In October 2001, the Texas Court rendered judgment on the jury verdict in favor of Sonat and against Cudd in the amount of $20.7 million. Cudd appealed to the Texas court of appeals, which dismissed the appeal on the grounds that the judgment was not final. Cudd Pressure Control, Inc. v. Sonat Exploration Company, 74 S.W.3d 185 (Tex. App.-Texarkana 2002).
In January 2002, Cudd filed its answer and cross-claim against Sonat in Bienville Parish, seeking a declaration that it did not owe indemnity to Sonat. Cudd's excess insurer, Lumbermens, intervened in the lawsuit.
Based upon the ongoing proceedings in Harrison County against Brooks and Cudd, Sonat filed an exception of lis pendens and a motion to dismiss or stay against Brooks and National Union in Bienville Parish district court. Sonat filed an exception of lis pendens and motion to dismiss or stay against Cudd, and added an exception of res judicata based upon the October 22, 2001 Texas judgment assessing quantum. Sonat also filed an exception of lis pendens against Lumbermens.
In March 2002, the district court denied Sonat's exception of lis pendens and motion to dismiss against Brooks and National Union and granted the motions for summary judgment filed by Brooks and National Union, holding that the indemnity and insurance provisions of the M.S.A. § were void under Louisiana Law. In May 2002, the district court granted Sonat's exceptions of lis pendens and res judicata against Cudd based upon the prior Texas judgment and dismissed Cudd's cross-claims against Sonat. The district court also stayed Lumbermens' claim based upon Sonat's exception of lis pendens and *1031 denied Sonat's motions to dismiss or stayed the proceeding.
Cudd appeals the judgment dismissing its cross-claim against Sonat. Lumbermens appeals the judgment staying its intervention. As stated above, Sonat appealed the summary judgments in favor of Brooks and National Union, but this court subsequently granted Sonat's motion to dismiss its appeal after the parties agreed to a settlement.

DISCUSSION

Cudd's Assignments of Error # 1 and # 2
Cudd contends the district court abused its discretion and failed to enforce Louisiana's public policy by sustaining Sonat's exception of lis pendens. Cudd also contends the district court erred in giving res judicata effect to the October 22, 2001 Harrison County, Texas judgment.
Generally, an exception of lis pendens under LSA-C.C.P. art. 532 may be granted when the defendant proves: (1) that a suit was brought in a Louisiana state court during the pendency of a suit in a federal court or a court of a state other than Louisiana; (2) that the two suits are based on the same transaction or occurrence; and (3) that the two suits are between the same parties in the same capacities. If the defendant proves these three elements, the Louisiana court may stay the proceedings in that suit until the federal suit or the suit in the court of another state has either been discontinued or a final judgment has been rendered. See Goldblum v. Boyd, 267 So.2d 610 (La.App. 2d Cir.1972), writ refused, 263 La. 243, 267 So.2d 906 (1972). A Louisiana state court case can be stayed by a judgment granting an Article 532 exception of lis pendens only if another suit was filed prior to the filing of the Louisiana state court case either in federal court or in the court of another state. If the Louisiana state court suit is filed first, the state court proceedings may not be stayed on an exception of lis pendens. Goldblum v. Boyd, supra.
LSA-C.C.P. art. 532 gives the district court the discretion to grant a lis pendens exception. The test for deciding whether an exception of lis pendens should be granted is whether a final judgment in the first suit would be res judicata in the subsequently filed suit. Fincher v. Insurance Corp. of Amer., 521 So.2d 488 (La.App. 4th Cir.), writ denied, 522 So.2d 570 (La.1988). Because lis pendens does not address the merits of the disputes between parties, the reviewing court considers lis pendens in the procedural and factual climate that exists at the time of review, rather than at the time of the trial court judgment. Louisiana Cotton Ass'n Workers' Compensation Group Self-Insurance Fund v. Tri-Parish Gin Co., Inc., 624 So.2d 461 (La.App. 2d Cir.1993). The decision of whether to stay a proceeding under the doctrine of lis pendens "rests in the sound discretion of the trial court," and cannot be overturned on review absent a clear abuse of that discretion. Southwestern Electrical Power Co. v. Amax, Inc., 621 So.2d 615 (La.1993).
Because Sonat relies on the Texas judgment as a basis for its lis pendens argument, we must also examine the requirements of res judicata under Texas law. The Full Faith and Credit Clause requires every state to give a foreign judgment the res judicata effect that it would be accorded in the rendering state. Anderson v. Collins, 26,142 (La.App.2d Cir.1/6/95), 648 So.2d 1371.
Under Texas law, the general doctrine of res judicata consists of two principal categories: (1) res judicata or claim preclusion; and (2) collateral estoppel or issue preclusion. Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex.1992). *1032 Res judicata precludes a second action by the parties or their privies on matters actually litigated and on causes of action or claims that arise out of the same subject matter and could have been litigated in the first suit. Getty Oil v. Insurance Co. of N. America, 845 S.W.2d 794, 798 (Tex.1992), cert. denied, 510 U.S. 820, 114 S.Ct. 76, 126 L.Ed.2d 45 (1993).
To determine if the subject matter of two law suits is the same, for purposes of res judicata, a court examines the factual basis of the claim or claims in the prior litigation, regardless of the form of that action; specifically, the court must consider and weigh the extent to which the facts of the cases are related in time, space, origin or motivation, whether the cases form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business usage. Restatement (Second) of Judgments § 24(2) (1982).
As stated above, Sonat has claims pending against both Cudd and Brooks in Harrison County. The Harrison County court granted identical partial summary judgments against Brooks and Cudd with respect to Sonat's indemnity claim. Based on this judgment, liability was established for both Brooks and Cudd in Harrison County. Because the trial continued against Cudd only on the issue of quantum, a judgment was rendered which assessed an amount for damages against Cudd, but not Brooks. Cudd contends that this is a distinction without a difference because both judgments are interlocutory and have no preclusive effect.
However, in this case the district court sustained Sonat's exception of lis pendens against Cudd, but denied the exception as to Brooks. The district court also sustained Sonat's exception of res judicata against Cudd.
A. Lis Pendens:
Cudd and its excess coverage insurer, Lumbermens, contend Louisiana public policy has been violated and they have been treated unfairly. Cudd and Lumbermens argue that their position was analogous to that of Brooks and National Union and the court also should have ruled in favor of Cudd. However, there were differences in the situations of the parties that should be considered.
The record shows that Cudd filed its cross-claim after Sonat obtained a $20 million judgment against Cudd for indemnity, and after Cudd filed a lawsuit for declaratory relief in Houston. A court should stay proceedings when a suit is pending in a foreign court on the same transaction, between the same parties, in the same capacities. LSA-C.C.P. art. 532.
In the instant case, the exception of lis pendens was properly sustained because the claim filed by Cudd in Louisiana involved the same parties and the same transaction or occurrence as the lawsuit previously filed in Texas. The record indicates that Sonat had previously filed suit seeking indemnity against Cudd in Harrison County on September 18, 2000. Cudd filed a suit in Harris County, Texas, on January 4, 2002. Cudd did not file its cross claim against Sonat in Bienville Parish until January 11, 2002. Thus, both of the Texas lawsuits were filed first. Lumbermens filed its intervention petition in the Bienville Parish suit on September 7, 2001, seeking a declaration that it did not owe insurance proceeds to Sonat. All of these lawsuits arise out of the 1998 well blowout and raise the issue of Cudd's contractual indemnity and insurance obligations to Sonat.
The record shows that Cudd and Lumbermens did not file their actions in Bienville Parish until after Sonat had filed its *1033 contractual claims based on the M.S.A. § in Harrison County, Texas. Thus, at the time Cudd and Lumbermens filed their actions in Louisiana, another lawsuit was pending in Texas between the same parties, in the same capacities and based on the same transaction involving claims of defense, indemnification and insurance. Consequently, we cannot say the district court abused its discretion in sustaining Sonat's exceptions of lis pendens and staying the actions filed by Cudd and Lumbermens.
B. Res Judicata:
Cudd contends the judgment rendered against it in Creel is not entitled to preclusive effect because a Texas appellate court has ruled that the judgment is not yet final for appeal purposes. Cudd Pressure Control, Inc. v. Sonat Exploration Co., 74 S.W.3d 185 (Tex.App.Texarkana 2002). Texas law requires that a judgment be final to have a res judicata effect. Frost National Bank v. Burge, 29 S.W.3d 580, 595 (Tex.App. Houston14th Dist.-2000).
First, we note that the district court's interlocutory partial summary judgment on the issue of liability was not entitled to res judicata effect. A partial summary judgment that is interlocutory and non-appealable is not final and cannot support a plea of res judicata. See Homeright Co. v. Exchange Warehouses, Inc., 526 S.W.2d 241, 244-45 (Tex.Civ.App.Tyler 1975, writ ref'd n.r.e.); Restatement (Second) of Judgments § 13 (1982).
Following a jury trial on the issue of quantum, the Texas court rendered judgment assessing Cudd with $20.7 million in damages. Cudd filed an appeal of this judgment before the trial to assess damages against Brooks had commenced. The Texas appellate court concluded that because a portion of the case was still pending in the trial court, the judgment against Cudd was not final. The court dismissed Cudd's appeal on the ground that appellate jurisdiction had not been invoked. Cudd Pressure Control v. Sonat Exploration Co., supra.
Citing Scurlock Oil Co. v. Smithwick, 724 S.W.2d 1 (Tex.1986) and FSLIC v. Kennedy, 732 S.W.2d 1 (Tex Civ App. Houston (1st Dist) 1986), Sonat contends the Texas judgment against Cudd is final for res judicata purposes, even though the appeal process has not been completed. In Scurlock Oil Co., supra, the Texas Supreme Court held that a judgment is final for issue and claim preclusion despite the taking of an appeal. In Kennedy, supra, the court stated that with regard to res judicata, a judgment is final notwithstanding that it is "yet appealable" and is subject to modification.
Our review of the Scurlock and Kennedy decisions indicates that each of those cases involved a situation where the judgment had been rendered, subject only to an appeal, and was thus considered "final" for res judicata purposes, even though the appeal process had not been completed. However, the instant case does not involve such a judgment. Here, the appellate court specifically held that the judgment against Cudd was not final, but was in effect a partial judgment, which could not be appealed at the time. Consequently, we conclude that the Texas judgment assessing Cudd with damages is not a final judgment entitled to preclusive res judicata effect in Louisiana. Therefore, because the district court erred in sustaining Sonat's exception of res judicata, we shall reverse the dismissal of Cudd's claim.
Sonat's Answer to Cudd's Appeal
Declaratory Judgment Act
Sonat contends the district court abused its discretion in refusing to stay or *1034 dismiss this lawsuit as an abuse of the Louisiana Declaratory Judgment Act.
LSA-C.C.P. art. 1871 provides:
Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree.
LSA-C.C.P. art. 1872 provides:
A person interested under written contract or whose rights or other legal relations are affected by a statute, may have determined any question of construction or validity arising under the instrument, contract, or statute and obtain a declaration of rights thereunder.
A court may refuse to render a declaratory judgment when such judgment would not terminate the uncertainty or controversy giving rise to the proceeding. LSA-C.C.P. art. 1876. The consistent interpretation of the Uniform Act and of our own codal articles is that declaratory relief is available only to decide justiciable controversies, and that such enactments do not empower the courts to render advisory opinions on abstract questions of law. Petition of Sewerage & Water Board, 248 La. 169, 177 So.2d 276 (1965); Stoddard v. City of New Orleans, 246 La. 417, 165 So.2d 9 (1964); Poe v. Ullman, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961). A "justiciable controversy" connotes an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract. See Maryland Casualty Co. v. Pacific Coal and Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941). On appeal of a declaratory judgment, the scope of appellate review involves a determination of whether the trial court abused its discretion by granting or refusing to render a declaratory judgment. In re Peter, 98-0701 (La.App. 4th Cir.12/23/98), 735 So.2d 665.
Sonat argues that Cudd's declaratory judgment action should not be heard because a separate action is pending in Texas that can resolve all of the issues between the parties. The relief sought by Cudd, a declaration that the M.S.A. § indemnity provisions are void and unenforceable, is authorized by Article 1872 and would terminate the controversy between the parties. This is the appropriate use of the Declaratory Judgment Act.
We agree with the district court's finding that Cudd did not forum shop. Cudd filed its claim in the first filed suit. Louisiana's public policy and legislative intent are involved in the dispute and it is reasonable to apply Louisiana law to this Louisiana catastrophe. In addition, the contract was signed and the work was performed in Louisiana. Furthermore, Cudd is not a Texas corporation and does not have offices in Texas. Cudd's operational headquarters is in Houma, Louisiana with offices in Belle Chasse, Shreveport, Lafayette and Maurice. Cudd signed the M.S.A. in Houma, where the insurance policy was delivered to Cudd and the demand for indemnity was received by Cudd. Louisiana is neither an inconvenient nor inappropriate forum. Declaratory relief is appropriate here because Cudd sought to determine the validity of the M.S.A. pursuant to LSA-C.C.P. art. 1872.
Based upon this record, Sonat failed to carry its burden of demonstrating that declaratory relief was improper in this case. Consequently, we cannot say the district court abused its discretion in refusing to dismiss Cudd's declaratory judgment action. *1035 Sonat's assignment of error lacks merit.
In summary, we conclude that: (1) the district court did not abuse its discretion in sustaining Sonat's exceptions of lis pendens; (2) the district court erred in granting Sonat's exception of res judicata as to Cudd; and (3) the district court did not err in refusing to stay or dismiss the declaratory judgment action while the Texas litigation proceeded.

CONCLUSION
For the foregoing reasons, that part of the district court's judgment sustaining Sonat's exception of res judicata and dismissing Cudd's cross-claim is reversed, and Cudd's action is hereby stayed. The judgment in all other respects is affirmed. Costs of this appeal are assessed 50% to Sonat Exploration Company and 50% to Cudd Pressure Control, Inc. and Lumbermens Mutual Casualty Company.
REVERSED IN PART; AFFIRMED IN PART; RENDERED.

APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, GASKINS, and DREW, JJ.
Rehearing denied.