# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 17-121 C/W 16-766


**DAVID M. DOOLEY, SR., ET AL.**

**VERSUS**

**BRANCH BANKING & TRUST CO., ET AL.**


\*\*\*\*\*\*\*\*\*\*

**APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, DOCKET NO. 2016-10436
HONORABLE PATRICK MICHOT, PRESIDING**
\*\*\*\*\*\*\*\*\*\*

**SYLVIA R. COOKS
JUDGE**

\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and Van H. Kyzar, Judges.


**AFFIRMED; WRIT DENIED; AND MOTION TO STRIKE DENIED.**

Gerald C. deLaunay
Oscar E. Reed, Jr.
Perrin, Landry, deLaunay
P.O. Box 53597
Lafayette, LA 70505
(337) 237-8500
**ATTORNEY FOR PLAINTIFFS/APPELLANTS**
   David M. Dooley, Sr. and Gerald deLaunay


W. Michael Adams
Robert W. Johnson
Timothy R. Wynn
Blanchard, Walker, O'Quin & Roberts, APLC
333 Texas Street, Suite 700
P.O. Drawer 1126
(318) 221-6858
**ATTORNEY FOR DEFENDANTS/APPELLEES**
   Branch Banking & Trust Co., Hallwood Financial Limited, Hallwood Modular Buildings,
   LLC and Frederick J. Gossen, Jr.

Michael J. Remondet
Jill B. Wade
Jeansonne & Remondet
200 West Congress Street, Suite 1100
P.O. Box 91530
Lafayettte, LA  70509
(337) 237-4370
**ATTORNEY FOR DEFENDANTS/APPELLEES:**
   Branch Banking & Trust Co., Hallwood Financial Limited, Hallwood Modular Buildings, LLC and Frederick J. Gossen, Jr.

**COOKS, Judge.**

From 1999 to 2014, MB Industries, L.L.C. (MBI) was in the business of manufacturing and selling blast-resistant buildings. MBI's affiliate, MBI Leasing, L.L.C. (MBI Leasing), leased blast-resistant buildings. Up until October of 2011, Frederick Gossen, Jr., served as the president of both MBI and MBI Leasing. David M. Dooley, Sr., served as the CEO of both companies. Gossen and Dooley also served as the companies' managers and they both owned equity in the companies either directly or through their family trusts and holding companies.

MBI and MBI Leasing suffered significant financial losses in 2010 and 2011, and were in default on a $17 million debt to Capital One Bank. Dooley negotiated a deal with Hallwood Financial Limited (HFL) whereby HFL agreed to purchase an eighty percent (80%) interest in MBI Leasing, L.L.C. in a contract styled the Membership Interest Purchase Agreement. The parties agreed that Dooley would retain a nine percent (9%) membership interest in MBI Leasing. Further, HFL agreed to help refinance the debts of MBI and MBI Leasing. To assist with the debt owed to Capital One, HFL arranged for Branch Banking & Trust Company (BB&T) to provide a $20 million line of credit to MBI Leasing.

At a closing in October 2011, the parties signed various closing documents, including a MBI Leasing Operation Agreement, a Pledge Agreement, and a Carmel Companies Realignment Agreement (Realignment Agreement). Pursuant to the Realignment Agreement, Dooley sold all of his interest, with the exception of the aforementioned nine percent (9%) interest in MBI Leasing, in a group of companies known as the Carmel Companies. In the Pledge Agreement, MBI Leasing's equity owners pledged to BB&T their membership interests in MBI Leasing as security for the line of credit which BB&T had provided. Thus, Dooley's nine percent interest in MBI Leasing was pledged to BB&T. As consideration, Dooley received a $2.75 million promissory note from MBI,

$250,000.00 in cash, and salary and benefits for Dooley's wife, son and son-in-law.

On February 15, 2013, Dooley filed a "Suit on Promissory Note" in the Fifteenth Judicial District Court for Acadia Parish, seeking payment from MBI Leasing, which has now become Hallwood Modular Buildings, LLC (HMB), on the $2.75 million promissory note. Nearly one year from the filing of that suit (hereafter referred to as the "First State Court Action"), Dooley amended the petition adding numerous defendants, including Gossen and HFL. In the amended petition Dooley claimed the agreements entered into should be rescinded because he and his family were not paid pursuant to the Realignment Agreement. Dooley also asserted his consent to the Realignment Agreement was vitiated due to fraud or error. Specifically, it was asserted that after Dooley signed the Realignment Agreement, various defendants secretly altered the language in the agreement such that Dooley's claims under the promissory note were made subordinate to other indebtedness owed by MBI Leasing. A second amending petition was filed adding Dooley's family members and family trusts as plaintiffs (hereafter the Dooley plaintiffs).

On October 2, 2014, MBI Leasing was placed into involuntary bankruptcy in the United States Bankruptcy Court, Western District of Louisiana (hereafter Bankruptcy Court), and the First State Court Action was automatically stayed pursuant to 11 U.S.C. § 362. The Dooley plaintiffs then filed a Motion to Sever their claims against MBI Leasing (now HMB), so they could proceed against the remaining defendants. The Dooley plaintiffs then filed a Motion for Partial Summary Judgment against all defendants (except MBI Leasing), seeking rescission of the Realignment Agreement. In response, HFL and HMB filed a motion to strike both the Motion to Sever and the Motion for Partial Summary

2

Judgment. They also requested the court "stay the matter pending the outcome of the bankruptcy proceedings of [MBI Leasing]."

On April 28, 2015, the trial court rendered judgment granting HFL's and HMB's motion to strike the Dooley plaintiffs' motions. The court also specifically held the "matter is stayed until further notice from the Bankruptcy Court." This court, finding "no error in the trial court's ruling," denied the Dooley plaintiffs' writ application. *David M. Dooley, Sr. v. MB Industries, LLC*, 15-460 (La.App. 3 Cir. 2015).

Meanwhile in Bankruptcy Court, on January 21, 2015, the Dooley plaintiffs filed a Motion for Relief from Stay in the MBI Leasing bankruptcy case, requesting the automatic stay be lifted to allow them to proceed with the state district court suit. They maintained this would allow them to "prosecute claims pending in state court in which [MBI] is a party and obtain relief." On March 10, 2015, the Bankruptcy Court denied the Motion for Relief from Stay. On that same day, the Dooley plaintiffs filed a "Complaint to Rescind and Dissolve Contract, and for Damages" in Bankruptcy Court. This commenced the currently pending adversary proceeding, *David M. Dooley, Sr., et al. v. MB Industries, L.L.C., et al.*, in the United States Bankruptcy Court, Western District of Louisiana. On April 8, 2015, the Dooley plaintiffs also filed four Proofs of Claim covering the claims for damages and rescission.

Several months later, a Writ of Mandamus and/or Writ of Quo Warranto was filed by some of the Dooley plaintiffs in the Fifteenth Judicial District Court. In this state court action, a determination was sought as to whether the transaction had been "extrajudicially" rescinded. The Bankruptcy Court enjoined the state court action, finding it was an "attempt to impermissibly collaterally attack this [Bankruptcy] Court's prior order staying denying relief from the automatic stay."

3

On May 6, 2016, Dooley, along with his attorney, Gerald C. deLaunay, filed the present suit for declaratory judgment in the Fifteenth Judicial District Court, naming as defendants, BB&T, HFL, HMB and Gossen. Among the assertions was that the MBI Leasing Operation Agreement contains non-competition provisions which impermissibly restrict Dooley from engaging in certain lawful occupations in violation of La.R.S. 23:921. The petition also alleges that the Operation Agreement restricts Dooley's ability to sell or use his membership interest in HMB as security. Thus, Dooley sought a declaratory judgment holding the non-competition and non-alienation provisions of the operating agreement with HMB invalid.

The other plaintiff in this suit (and Dooley's attorney), Mr. deLauney alleges that because of Dooley's contingency fee arrangement with him and by operation of law, pursuant to La.R.S. 37:218, deLaunay holds a first priority privilege that trumps any security interest held by BB&T in Dooley's nine percent (9%) interest in HMB. Thus, they also seek a judgment declaring the validity and ranking of a purported pledge of Dooley's nine percent (9%) interest in HMB in favor of the defendant, Branch Banking and Trust Company.

In response, the defendants in this matter filed exceptions of lis pendens and prematurity, as well as a motion to stay. Defendants maintain that deLaunay's action for declaratory judgment regarding the validity or ranking of his contingency claim is premature because deLaunay has no right to a contingency fee for his work in the Bankruptcy Court proceeding until those proceedings have been resolved. With regard to Dooley's claims, defendants maintain that Dooley's claims in the instant case and in the proceeding in Bankruptcy Court arise out of the same transaction or occurrence between the same parties. Therefore, defendants contend the exception of lis pendens applies to Dooley's claims and the

4

instant case should be dismissed and/or stayed pursuant to La.Code Civ.P. arts. 531 and 532.

Following a hearing, the trial court granted the exception of prematurity and dismissed deLaunay's claims. The trial court also granted the exception of lis pendens and stayed Dooley's claims. Judgment was signed on September 14, 2016. Dooley applied for writs to this court, seeking reversal of his claim and deLaunay appealed the dismissal of his claim as premature. This court granted Dooley's writ for the sole purpose of consolidating it with deLaunay's appeal for a single ruling on the merits. Additionally, Dooley and deLaunay have filed a motion to strike exhibits which defendants attached to their opposition to the writ application, asserting the exhibits were not introduced into evidence in the trial court. This motion to strike is also deferred to the merits of the appeal.

Dooley and deLaunay assert the following assignments of error:

1. The trial court improperly considered evidence that was never offered or admitted into evidence.

2. The trial court improperly sustained the Exception of Lis Pendens to the claims of David M. Dooley, Sr.

3. The trial court improperly sustained the Exception of Prematurity to the claims of Gerald C. deLaunay.

## ANALYSIS

### I. *The Trial Court's Judgment Staying Dooley's Claims.*

The declinatory exception of lis pendens is appropriate "[w]hen two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities." La.Code Civ.P. art. 531.

Louisiana Code of Civil Procedure Article 532 provides as follows:

When a suit is brought in a Louisiana court while another is pending in a court of another state or of the United States on the same transaction or occurrence, between the same parties in the same

5

capacities, on motion of the defendant or on its own motion, the court may stay all proceedings in the second suit until the first has been discontinued or final judgment has been rendered.

That article "gives the district court the discretion to grant a lis pendens exception." *Brooks Well Servicing, Inc. v. Cudd Pressure Control, Inc.*, 36,723, p. 5 (La.App. 2 Cir. 6/27/03), 850 So.2d 1027, 1031, *writ denied*, 03-2606 (La. 12/12/03), 860 So.2d 1157. Moreover, "[t]he decision of whether to stay a proceeding under the doctrine of lis pendens 'rests in the sound discretion of the trial court,' and cannot be overturned on review absent a clear abuse of that discretion. *Southwestern Electrical Power Co. v. Amax, Inc.*, 621 So.2d 615 (La.1993)." *Brooks Well Servicing*, 850 So.2d at 1031.

Initially, Dooley asserts the trial court's decision was incorrect because defendants "offered no evidence" in support of their position. We disagree. The trial court obviously relied on the numerous exhibits attached to the Motion for Stay. Those exhibits included pleadings and filings in the suits filed by Dooley in the state court and Bankruptcy Court.

Dooley maintains it was error for the trial court to consider those exhibits because they were not "admitted" into evidence. It is clear these exhibits, which largely are comprised of Dooley's own pleadings and submissions, are admissible evidence and, as defendants note, would not be excluded from consideration on remand. In the petition in the instant suit, Dooley even references "the matter entitled 'David M. Dooley, Sr., et al v. MB Industries, LLC, et al,' bearing Case No. 15-1005 of the United States Bankruptcy Court, Western District of LA." Thus, remanding the case back to the trial court simply to formally enter the exhibits into the record would be a waste of judicial resources.

Moreover, we agree with defendants that the trial court was able to take judicial notice of the court records. Louisiana Code of Evidence Article 201(B) provides, "[a] judicially noticed fact must be one not subject to reasonable dispute

in that it is . . . (2) Capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The article also notes a court "may take judicial notice whether requested or not." We find the trial court could properly take judicial notice of the relevant facts with regard to the pending suits that were previously filed.

The record also establishes Dooley never objected at the hearing to the trial court's consideration of the exhibits attached to the Motion to Stay, despite reference to the specific exhibits by defendants during argument. Dooley at no point argued to the trial court that the Motion to Stay was not supported by the evidence.

Moreover, as defendants note, Dooley directly engaged in an argument based on the pleadings in the Bankruptcy Court proceeding that the motion should be denied. The parties to the Bankruptcy Court proceeding were specifically listed by Dooley, which could only be determined by reference to the exhibits. As this court pointed out in *Abshire v. Belmont Homes, Inc.*, 04-1200, p. 2 (La.App. 3 Cir. 3/2/05), 896 So.2d 277, 280, *writ denied*, 05-862 (La. 6/3/05), 903 So.2d 458, documents that were merely "attached to the pre-hearing memoranda filed by the litigants" were not properly introduced into evidence at the hearing on a dilatory exception. *Id*. However, this court went on to review those documents because the litigants in that case "treated the documents as if they were introduced; therefore, we will treat their acknowledgment as a judicial confession of the existence of the documents as evidence." *Id*. Therefore, we find the facts concerning the contents of the exhibits were judicially confessed, and were properly considered by the trial court.

We also find no merit in Dooley's contention that the trial court erred in granting the stay. Under La.Code Civ. P. arts. 531 and 532, the only thing required for the application of lis pendens or a stay is that the claims asserted in this suit

7

"arise out of the same transaction or occurrence" as claims asserted in a previous suit between the same parties or parties whose interests are adequately represented in the previous suit. In the present suit, Dooley requests this court declare certain agreements with defendants as null. Likewise, Dooley is a plaintiff in a proceeding in Bankruptcy Court and requests the same relief as to the same contracts against the same defendants.

Dooley also argues the fact BB&T is named in the instant lawsuit as a defendant, and that deLaunay is a party plaintiff, are factors that preclude maintaining the stay in this matter because neither were parties in the Bankruptcy Court proceeding. We disagree. Dooley's claims against BB&T are the same claims Dooley made in the Bankruptcy Court proceeding against other defendants who adequately represent BB&T's interest. As defendants note, both the defendants who are parties in the Bankruptcy Court proceeding and BB&T have the identical interest of upholding the validity of the BB&T Pledge Agreement and the HMB Operating Agreement. Therefore, BB&T's interests are adequately represented in the Bankruptcy Court proceeding. Further, the facts and contested legal issues surrounding the propriety of the Pledge Agreement and Operating Agreement will be litigated fully in Bankruptcy Court, with Dooley able to present any defenses and arguments he believes are applicable.

Lastly, we agree with defendants that the naming of deLaunay as a plaintiff is irrelevant to the stay of Dooley's claims. The court in *Dean v. Delacroix Corp.*, 03-1352, p. 4 (La.App. 4 Cir. 8/27/03), 853 So.2d 769, 772, held that "the filing of a new suit naming new and additional parties will not defeat an exception of lis pendens. The party to the earlier filed suit is entitled to have the later filed suit dismissed as to him, and the new parties remain in the later filed suit."

For the reasons expressed above, we deny Dooley's writ application, and affirm the stay of proceedings pursuant to La.Code Civ.P. art 532. The law, as

8

well as judicial economy, dictate that the parties litigate this matter in Bankruptcy Court.

## II. *The Trial Court's Judgment Granting the Exception of Prematurity.*

deLaunay has appealed the judgment of the trial court holding that his request for a declaration that his contingency fee agreement with Dooley is first priority is premature. For the following reason, we affirm that judgment.

This court in *Crooks v. Louisiana Pacific Corp.*, 14-724, p. 3 (La.App. 3 Cir. 12/10/14), 155 So.3d 686, 688, discussed the purpose of the dilatory exception of prematurity:

> "The dilatory exception of prematurity provided in La.Code Civ. Proc. art. 926 questions whether the cause of action has matured to the point where it is ripe for judicial determination, because an action will be deemed premature when it is brought before the right to enforce it has accrued." *LaCoste v. Pendleton Methodist Hosp., L.L.C.*, 07-8, 07-16, p. 5 (La. 9/5/07), 966 So.2d 519, 523. The function of an exception of prematurity is to determine whether a judicial cause of action is not available yet because of some unmet prerequisite condition. *Rico v. Cappaert Manufactured Hous., Inc.*, 05-141 (La.App. 3 Cir. 6/1/05), 903 So.2d 1284.

It is clear the matter for which deLaunay's contingency fee applies has not been settled and no court has issued a final judgment. Thus, deLaunay cannot have a right to a contingency fee until that time, and his claim that he has a superior privilege above other security rights in Dooley's purported membership interest in HMB or any potential damage award recovered is premature. deLaunay has not alleged he is owed a current sum of money, and in fact the petition specifically stated that the purported privilege applies to a "portion of any sums *which may be ultimately recovered.*" Any contingency fee owed to deLaunay is conditioned upon Dooley actually securing some form of recovery in Bankruptcy Court. As that has not yet happened, deLaunay's claim is premature and the trial court correctly granted the exception.

9

### III.    *The Motion to Strike Exhibits.*

Dooley and deLaunay filed a motion to strike exhibits which defendants attached to their opposition to the writ application, asserting the exhibits were not introduced into evidence in the trial court.  For the reasons discussed previously, we deny this motion to strike.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed in all respects.  The writ application filed by David M. Dooley, Sr., is denied.  The appeal of the dismissal of Gerald C. deLaunay's claims on an Exception of Prematurity is affirmed. The Motion to Strike exhibits which defendants attached to their writ application is denied.  All costs are assessed to appellants, David M. Dooley, Sr. and Gerald C. deLaunay.

**AFFIRMED; WRIT DENIED; AND MOTION TO STRIKE DENIED.**