Judgment rendered May 25, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,499-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

MARY ELIZABETH MADDEN                 Plaintiffs-Appellants
CHUMLEY, E. GARY
CHUMLEY, AND MADDEN
PROPERTY MANAGEMENT,
LLC

versus

DONNA LACOUR                          Defendant-Appellee

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 626595

Honorable Ramon Lafitte, Judge

* * * * *

ALAN PESNELL LAWYER, LLC              Counsel for Appellants
By: W. Alan Pesnell


KEVIN W. HAMMOND, APLC               Counsel for Appellee
By: Kevin W. Hammond


J. SCHUYLER MARVIN                    Counsel for
                                      Intervenors/Appellees,
                                      James D. Madden and
                                      Lyda Roberts Madden

* * * * *

Before STEPHENS, ROBINSON, and HUNTER, JJ.

**HUNTER, J.**

The plaintiffs, Mary Madden Chumley, E. Gary Chumley and Madden Property Management, LLC, appeal a judgment sustaining the exception of lis pendens of defendant, Donna LaCour. The trial court dismissed the plaintiffs' action without prejudice. In sustaining the exception, the trial court found a ruling on the petition of intervention filed by James and Lyda Madden was pretermitted as moot. For the following reasons, we affirm.

## FACTS

Madden Property Management, LLC ("MPM"), is a Louisiana limited liability company domiciled in Caddo Parish. Johnye Mae Madden was the sole owner of MPM until 2002, when her daughter, Mary Madden Chumley ("Chumley"), became a co-owner. On January 26, 2016, Johnye Mae Madden ("decedent") died in Webster Parish. Subsequently, a petition for probate of a notarial testament was filed and the Succession of the Johnye Mae Madden estate was opened in Webster Parish. Chumley served as executrix of the succession until May 2019, when she was removed by the trial court, which appointed Donna LaCour as executrix. The removal was affirmed on appeal. *Succession of Madden*, 53,353 (La. App. 2 Cir. 3/4/20), 293 So. 3d 665.

While serving as executrix, LaCour noted decedent's interest in MPM was not listed as an asset of the estate, despite being mentioned in her will. LaCour then issued a subpoena to Chumley and MPM seeking MPM's organizational and banking records. Chumley opposed the subpoena and objected to the authority of the executrix to obtain those records. Chumley was eventually ordered to produce the records of MPM and was later sanctioned for failing to produce the requested records. In denying

Chumley's writ seeking review of the sanctions, a concurring justice of the Louisiana Supreme Court noted Chumley had been held in contempt for refusing to produce records "to support her longstanding assertion in these proceedings that she is entitled to a higher ownership percentage" of MPM. *In re Succession of Madden*, 2021-00645 (La. 9/27/21), 324 So. 3d 86.

In October 2020, the plaintiffs, Mary Madden Chumley, E. Gary Chumley and MPM, filed a petition in the district court of Caddo Parish against defendant, Donna LaCour, as executrix of decedent's succession, seeking a judgment to declare the ownership of MPM. The defendant, Donna LaCour ("LaCour"), in her capacity as executrix for decedent's estate, filed an exception of lis pendens alleging the issue of the ownership of MPM was already being litigated in the decedent's succession proceedings in Webster Parish when plaintiffs filed their petition. The plaintiffs opposed the exception.

In March 2021, a petition of intervention was filed by James and Lyda Madden, who alleged exceptions of no right of action and improper venue to plaintiffs' lawsuit. In June 2021, defendant filed in the succession proceeding an amended detailed descriptive list of assets and liabilities asserting the estate's interest in MPM.

After a hearing, the trial court sustained the exception of lis pendens, finding that the ownership of MPM was an issue in the earlier filed succession and should be determined in that proceeding in Webster Parish. Based on this ruling, the trial court found the petition and exceptions of the intervenors were moot. The trial court rendered judgment sustaining the exception of lis pendens and dismissing plaintiffs' petition without prejudice. Plaintiffs appeal the judgment.

2

The plaintiffs contend the trial court erred in granting the exception of lis pendens. Plaintiffs argue the requirements of lis pendens are not present because no suit was filed in Webster Parish, and the succession does not involve the same transaction or occurrence, or the same parties, as this action.

When two or more suits are pending in Louisiana courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto. La. C.C.P. art. 531. A civil action is the demand for the enforcement of a legal right commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction. La. C.C.P. art. 421. A pleading includes a petition, exception, written motion and answer. La. C.C.P. art. 852.

The plaintiffs assert in their brief there was no "suit" pending in Webster Parish when they filed the present action. However, we note that although Article 531 uses the term suit, the Louisiana Code of Civil Procedure refers to a "civil action" as the beginning of a legal proceeding. Under Article 421, a civil action commences when a petition is filed in a court of competent jurisdiction. After a civil action commences, it is pending under Article 531 for the purposes of lis pendens. *Sims v. Sims*, 247 So. 2d 602 (La. App. 3 Cir. 1971).

The record shows in March 2016, a petition for the probate of a notarial testament was filed in district court in Webster Parish and the Succession of Johnye Mae Madden was opened. Thus, when plaintiffs filed this action, the succession was a civil action, or suit, pending in Webster

3

Parish for the purposes of lis pendens. Consequently, the plaintiffs' assertion that no other action was pending lacks merit.

Plaintiffs contend the two actions do not involve the same transaction or occurrence. Defendant argues ownership of MPM was at issue in the succession before plaintiffs' action was filed.

The test for deciding whether an exception of lis pendens should be granted is whether a final judgment in the first suit would be res judicata in the subsequently filed suit. To determine if the subject matter of the two lawsuits is the same for res judicata, a court examines the factual basis of the claim in the prior litigation, regardless of the form of that action. *Brooks Well Servicing, Inc. v. Cudd Pressure Control, Inc.*, 36,723 (La. App. 2 Cir. 6/27/03), 850 So. 2d 1027.

In this case, the record shows that when the succession executrix issued subpoenas to obtain business records of MPM to support the estate's claim of an ownership interest in the limited liability company, Chumley opposed the estate's records request by asserting her ownership of MPM in Webster Parish. Plaintiffs then filed the present action in Caddo Parish asserting the same claim of Chumley's ownership of MPM.

In addition, this court considers the issue of lis pendens in the procedural and factual climate existing at the time of review. *La. Cotton Ass'n Workers' Compensation Group Self-Insurance Fund v. Tri-Parish Gin Co., Inc.*, 624 So. 2d 461 (La. App. 2 Cir. 1993). We note that prior to the hearing on the exception of lis pendens, the succession executrix filed an amended detailed descriptive list of estate assets and an interim report confirming the estate's claim of an ownership interest in MPM. Thus, the trial court could consider this filing of the executrix as an indication the

4

determination of MPM's ownership is at issue in the succession. Consequently, based upon this record, the succession proceeding and this action involve the same occurrence of a dispute concerning ownership of MPM. Plaintiffs' contention lacks merit.

Plaintiffs argue in their brief lis pendens is improper because two parties plaintiff in this suit, Gary Chumley and MPM, are not parties in the succession. Defendant contends the law does not require the parties to be the same physical parties.

Under res judicata, a judgment binds parties to the action and nonparties, who are deemed privies of the parties, in a situation when the nonparty's interests were adequately represented by a party in the first action who is considered the virtual representative of the nonparty because their interests are so closely aligned. *Forum for Equality PAC v. McKeithen*, 2004-2551 (La. 1/19/05), 893 So. 2d 738.

In opposing the exception of lis pendens, plaintiffs assert Chumley is appearing as owner of MPM, a different capacity than in the succession. However, the record shows Chumley asserted an ownership interest in MPM as a litigant in the succession proceeding just as she does in the present action. In addition, we note plaintiffs' petition alleges Chumley's membership interest in MPM is "split" with her husband, E. Gary Chumley, and that she is the manager of MPM.

Our review of the allegations of plaintiffs' petition indicates Chumley and her husband assert they share an interest in MPM and Chumley asserts she is acting on behalf of MPM as its manager. Thus, the record supports a finding that as a party to the succession, Chumley adequately represented the

5

interests of the nonparties, Gary Chumley and MPM, as their virtual representative because their interests are so closely aligned.

Based upon this record, defendant has shown the succession proceeding and this action involve the same transaction or occurrence between the same parties in the same capacities. Further, the record demonstrates plaintiffs have acknowledged a judgment in the succession proceeding is res judicata in the present action through their amendment of the petition withdrawing their claim the executrix was not entitled to obtain certain MPM documents based on the ruling of the district court in Webster Parish. Consequently, the trial court did not err in sustaining the exception of lis pendens and dismissing plaintiffs' petition without prejudice. The assignment of error lacks merit.

Regarding plaintiffs' assignment of error as to the trial court's lack of a ruling on the petition of intervention, given the dismissal of the action filed in Caddo Parish, the petition seeking to intervene in the plaintiffs' lawsuit at issue in this appeal is moot. The assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, the trial court's judgment sustaining the exception of lis pendens is affirmed. Costs of this appeal are assessed to the appellants, Mary Madden Chumley, E. Gary Chumley and Madden Property Management, LLC.

**AFFIRMED.**

6